# Foelner *v*. Sulkin, Appellant.

*Evidence—Previous ex parte declarations of witness—Recent fabrication of testimony.*

Evidence of the previous ex parte declarations of a witness consonant with his testimony is not admissible. One of the exceptions to this general rule is that such evidence may be given in contradiction of evidence tending to show that the witnesses testimony is a fabrication of recent date; but a mere conflict of testimony as to recent fabrication is not a sufficient reason for the admission of a witness's prior unsworn statements.

Argued Dec. 8, 1915. Appeal, No. 218, Oct. T., 1914, by defendant, from judgment of C. P. Northampton Co.; Dec. T., 1914, No. 28, on verdict for plaintiff in case of Fred Foelner v. Louis Sulkin. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note. Before BRODHEAD, J.

At the trial the defendant testified that he gave the notes to plaintiff for hay which he had purchased from him, and that the hay was tainted and was of so poor quality that he had to buy other hay in its place; and that therefore the whole consideration for the notes failed.

When Ashler Mutchler, a witness for defendant, was on the stand he was asked this question:

Q. Shortly after the eighth of July did you hear from Mr. Sulkin anything about the quality of the hay that Mr. Foelner had delivered to him?

(By Mr. Laub) : That is objected to for the reason that it is incompetent, irrelevant and immaterial, and that it would be a conversation and a party not to this suit, and it would be in the nature of a self-serving declaration.

(By Mr. Fox) : This testimony is offered for the purpose of meeting the allegation of the plaintiff that the claim of the defendant is not made in good faith, and for the purpose of proving that it is not a recent fabrication, but that the complaint was made immediately after the eighth of July, and that the witness on the stand has knowledge thereof.

(By the Court) : The objection is sustained on the ground that the declarations offered to be proven, made by the defendant in the absence of the plaintiff, are of a self-serving nature, and that there is no evidence in the case that the defense is of recent fabrication.

(By Mr. Fox) : To which ruling defendant excepts, and asks for a bill.

(By the Court) : Bill sealed.    (2)

(By Mr. Fox) : We offer to prove by this witness that immediately after the eighth of July he heard both from the defendant and his employees in his stable that the horses in the defendant's stable were refusing to eat the hay delivered by the plaintiff to the defendant, this for the purpose of showing that the defense is not made in bad faith, and is not any recent fabrication.

(By Mr. Laub) : That is objected to because the statements would be hearsay, and not made in the presence of the plaintiff, and also any statements made by the defendant to that effect would be in the nature of self-serving declarations, and generally as being incompetent, irrelevant and immaterial.

(By the Court) : Same ruling.    Exception for the defendant.    Bill sealed.    (3)

(By Mr. Fox) : Defendant rests.

(By Mr. Fox, interrupting Mr. Laub in his address to the Jury) : Counsel for the plaintiff now being apparently

about to urge upon the jury that no complaint was made of this hay until after the notes had gone to protest, the defendant objects, and asks the court to instruct counsel for the plaintiff that he must not so argue to the jury, for the reason that testimony was excluded yesterday tending to show that complaint was made of this hay to the witness, Asher Mutchler, by the defendant, Louis Sulkin, and his employees, and upon the objection of the plaintiff the testimony was excluded. That testimony having been excluded it is manifestly unjust and unfair to permit counsel for the plaintiff to argue to the jury that point which the defendant was prevented from proving.

(By the Court) : The court having excluded the proposed testimony of Asher Mutchler relative to the declarations alleged to have been made by the defendant in this case, not in the presence of the plaintiff, declarations which tended to negative the allegation of a recent fabrication, as a defense, upon the ground that no such allegation was made by the plaintiff, the court now instructs counsel for the plaintiff not to claim to the jury that the defense is of recent fabrication.

Verdict and judgment for plaintiff for $103.44. Defendant appealed.

*Errors assigned* were (2, 3) above rulings on evidence quoting the bill of exceptions.

*J. W. Fox*, with him *E. J. Fox*, for appellant, cited: Crooks v. Bunn, 136 Pa. 368; Tompkins v. Saltmarsh, 14 S. & R. 274; Craig v. Craig, 5 Rawle 91.

*Herbert F. Laub*, of *Smith, Paff & Laub*, for appellee. —Declarations of a party in his own favor made to strangers and not in the transaction between him and one of the parties to the suit, are not res gestæ and are not admissible in evidence: Duvall v. Darby, 38 Pa. 56;

Frazer v. Linton, 183 Pa. 186; Clever v. Hilberry, 116 Pa. 431.

PER CURIAM, December 20, 1915:

The general rule is that evidence of the previous ex parte declarations of a witness consonant with his testimony is not admissible. One of the exceptions to this general rule is that such evidence may be given in contradiction of evidence tending to show that the witnesses' testimony is a fabrication of recent date. It is claimed that the case at bar is within this exception. But we find no evidence tending to show that the defendant's testimony was a recent fabrication. There was, it is true, a conflict of testimony; but according to the great weight of authority a mere conflict of testimony was not alone a sufficient reason for the admission of the defendant's prior unsworn statements: Commonwealth v. Kay, 14 Pa. Superior Ct. 376, 389. The leading Pennsylvania cases on the subject are collected in Commonwealth v. Kay and the subject was again discussed in Commonwealth v. Brown, 23 Pa. Superior Ct. 470; and later very elaborately reviewed in Lyke v. Lehigh Valley Railroad Co., 236 Pa. 38. Further discussion of it is unnecessary; it is sufficient to say that the reasons assigned by the learned trial judge for rejecting the defendant's offers, amply vindicate his ruling.

The judgment is affirmed.