Commonwealth *v.* Ventura, Appellant.

Argued October 6, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Sidney Ginsberg,* submitted a brief for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Christopher F. Edley,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., January 14, 1955:

The appellant, Louis Ventura, was indicted for engaging in "pool selling and bookmaking". After his petition to quash the indictment was refused, Ventura was convicted by a judge sitting without a jury, and sentenced. His appeal to this Court followed.

The case is before us on an agreed statement of facts from which we quote the following: "2. On May 3, 1952 Magistrate James W. McBride, a Magistrate in and for the County and City of Philadelphia issued a warrant for the arrest of the defendant, Louis Ventura, pursuant to a complaint sworn to by Patrolman Bridgeford No. 822, a police officer of the Police Department of the City of Philadelphia charging the defendant with pool selling and bookmaking. 3. On May 3, 1952 pursuant to the above warrant of arrest, Patrolman Bridgeford arrested the defendant at 6237 Lansdowne Avenue, Philadelphia, Pennsylvania. 4. The defendant was thereupon taken to Magistrate McBride's office, Magistrate Court No. 23 at 47 North Fifty-Second Street, Philadelphia, Pennsylvania and after a hearing in the absence of a stenographer was on May 8, 1952 bound over to the 'present term' of the Grand Jury. The defendant entered bail in the sum of five hundred ($500.00) dollars."

It is the defendant's contention that the magistrate had no jurisdiction to conduct a preliminary hearing on a police warrant because such hearing was held in the private office of the magistrate and not in a divisional police court.

The Commonwealth not only disputes this contention but, also, takes the position that the appellant after he had entered bail, been indicted, tried and convicted cannot successfully attack the alleged irregularity in the magistrate's proceeding by a motion to quash the indictment.

The Magistrates' Court Act of June 15, 1937, P. L. 1743, sec. 11, as amended, 42 PS Sec. 1111, provides for the establishment of divisional police courts presided over by magistrates, rotatively assigned by the chief magistrate, in which in addition to the hearings regularly held therein, shall be held exclusively (except as provided in Section 10 hereof) the hearings of all persons arrested on sight or on a police warrant for the following indictable offenses, that is to say: "For treason, sedition, murder . . . pool selling and book making . . . and also all conspiracies, . . . to commit any of the foregoing offenses, . . .".

It is agreed in the case at bar that the defendant did not have a preliminary hearing in a divisional police court, the hearing having been held in the private office—or chambers—of the magistrate.

The principles which govern the instant appeal are set forth in the recent (1953) case of *Commonwealth v. Poley,* 173 Pa. Superior Ct. 331, 98 A. 2d 766. There a county detective swore out an information before a magistrate in the City of Philadelphia charging the defendant, Poley, with setting up and maintaining an illegal lottery and conspiracy to set up and maintain the same. The warrant issued thereon was not served upon Poley and he was not actually or manually arrested. Poley voluntarily appeared for a preliminary hearing, said hearing being held in the private office of the magistrate. Poley was held for trial in the quarter sessions court under $1,000 bail, which he entered. Four indictments subsequently found against him were quashed on the ground that the magistrate was without jurisdiction in that the preliminary hearing was held in his own court and not in a divisional police court. The Commonwealth appealed to this Court and we reversed the order quashing the indict-

ments, reinstated the indictments, and remitted the record to the court below with a procedendo.

It is to be observed that in the case at bar the appeal was taken after a trial on the merits, conviction and sentence. It must be conceded, however, that in the case at bar, as distinguished from the *Poley* case, the defendant was *arrested* on a police warrant for an offense enumerated in Section 11 of the Act and thus was within the literal meaning of the section. This circumstance does not, however, preclude use of the *Poley* case as a precedent because it is therein stated at page 333: "Poley was not arrested on the warrant; he appeared *voluntarily;* and the Commonwealth advances the potent argument that he is not within the literal meaning of the explicit provision of the Act which requires that only the cases of 'persons arrested on sight or on a police warrant' be heard in the divisional police courts. Although this contention could justify a reversal, we prefer to rest the decision upon the broader and more vital issue of the jurisdiction of the magistrate . . ."

We went on to hold that the Magistrate's Court Act "regulates magisterial procedure only, and whatever may be the effect of other sections, §11 confers no fundamental rights upon defendants." (page 335). Poley, we held, by failing to object to the locale of the preliminary hearing and by entering bail, waived all procedural errors. (page 335). Finally, we stated at pages 335-336: "Furthermore, considering the Act as a procedural statute, defects or irregularities in the preliminary or antecedent proceedings will not be examined on a motion to quash. [citing cases] 'It is well settled that where, as in the present case, a defendant has had a preliminary hearing, has given bail for court, and has been regularly indicted by a grand jury upon examination of witnesses, *it is then too late to*

*question the sufficiency or regularity of proceedings prior to the indictment.* In case defendant feels himself to be aggrieved in such circumstances, his proper remedy is by proceedings to be discharged from custody upon the ground of illegal commitment, and not by motion to quash the indictment': Com. v. Murawski, supra, p. 431 [101 Pa. Superior Ct. 430]. (Emphasis added). 'The court should not sustain a motion to quash an indictment except in a clear case where it is convinced that harm has been done to the defendant by improper conduct that interfered with his substantial rights': Com. v. Brownmiller, 141 Pa. Superior Ct. 107, 116, 14 A. 2d 907.''

The defendant's only answer to the *Poley* case appears to be a contention that this Court, despite its explicit statement to the contrary, decided that case on the ground that Poley had not been arrested but rather had appeared voluntarily before the magistrate at his private office. Of course, this contention is without substance.

Judgment of sentence is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.