Commonwealth *v.* Rothlisberger et al.,
Appellants.

452

Argued December 11, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

Before van der Voort, J.

*Martin E. Geary,* for appellants.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

Opinion by Montgomery, J., March 21, 1962:

Appellants Robert C. Hitchen and Robert Rothlisberger were jointly indicted and tried for the crimes of rape, robbery, receiving stolen goods, and aggravated assault and battery; and they were found guilty by a jury of fornication and aggravated assault and battery,

and not guilty of the other crimes. Their motions in arrest of judgment and for a new trial having been refused, these appeals followed.

Of the several matters assigned as error, we deem it necessary to discuss only two of them, since one justifies the granting of a new trial. The other alleged errors will be overcome with the grant of the new trial.

At the conclusion of the Commonwealth's case, it offered into evidence, over defendants' objections, pen and ink sketches of two men which had been prepared by a commercial artist upon the request of the prosecutrix, who testified as to the identity of the defendants, and also that the sketches had been made from the description of the defendants she had given to the artist. The artist did not testify. The jury took the sketches with them for use in their deliberation. Unfortunately the lower court did not discuss this reason for a new trial in its opinion.

This situation appears to be similar to where a witness orally describes someone she wishes later to identify and records her description—whether by tape recorder, written memorandum, by the memory of someone else hearing it, or as in this case, by an artist's sketch. Such descriptions have been accepted as part of the res gestae when made at, or shortly after, the time of the event. In *Commonwealth v. Goetz,* 129 Pa. Superior Ct. 22, 195 A. 144, wherein there is a partial list of such cases, it is stated that (p. 28) : "The test is whether they were made under such circumstances as would raise the reasonable presumption that they were the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they were the result of premeditation and design." However, the present case is hardly one of spontaneous utterance since the description was given by prosecutrix to the artist four days after the incident, following a

visit to her doctor, and after she had had pictures taken of her facial injuries in preparation for entry of these prosecutions.

It is noted that the prosecutrix made positive identification of the appellants on at least three occasions, at the Circus Bar in the presence of Mr. Haney the constable, at the alderman's office after the arrest, and at the trial. Therefore, the only use for the sketch was to corroborate and support her testimony. As a general rule declarations made by a witness at another time, though admissible to contradict him or her, are not competent to confirm or corroborate present testimony. Such declarations are mere hearsay and are not admissible, unless used to rebut testimony offered to impeach the witness by showing inconsistent statements or that the testimony given by the witness is a recent fabrication. Henry, Pa. Evid. 4th Ed., §12; *Lyke v. Lehigh Valley Railroad Co.,* 236 Pa. 38, 84 A. 595; *Commonwealth v. Martin,* 124 Pa. Superior Ct. 293, 188 A. 407; *Foelner v. Sulkin,* 61 Pa. Superior Ct. 621. Nothing of that nature exists in this case. Nor is there any merit to appellee's argument that this is a situation where the witness refreshed her recollection by the use of the sketch or had no recollection except by reference to it. The memorandum would not be admissible under the first circumstance, *Miller v. Exeter Borough,* 366 Pa. 336, 77 A. 2d 395, and she identified the defendants on three occasions without the use of it.

We recognize that identity is an important but uncertain fact in every case and that corroboration of testimony on identity is valuable. This is pointed out in *Commonwealth v. Goetz,* supra, quoting from Professor Wigmore on Evidence. For this reason proof of prior identification by the witness is admissible; but we find no support for the admission of consonant statements by the witness, even on the subject of identity, made in the absence of the person identified, except as an

exception to the hearsay rule, as previously stated. Therefore, the admission of these sketches over the objection of the defendants was reversible error. There can be no doubt that it was prejudicial since the major issue in this case was that of identity.

Appellants' final alleged error relates to the informations which were admittedly made out charging "John Doe" with the crimes, but presumably were altered, naming the appellants by their proper names prior to submission to the grand jury. The indictments bore the proper names of appellants. No objection to this alleged change was made until after the appellants had entered pleas of not guilty, the jury sworn, and the Commonwealth had presented its case. It was then that the appellants moved to quash the indictments for that reason, although they had appeared before the committing magistrate for preliminary hearing and had posted bond for their appearance in court. Under these circumstances they were too late to question the proceedings, having waived the alleged defect or having permitted it to be cured by the indictment. *Commonwealth v. O'Brien,* 181 Pa. Superior Ct. 382, 124 A. 2d 666; *Commonwealth v. Weinstein,* 177 Pa. Superior Ct. 1, 109 A. 2d 235; *Commonwealth v. Ventura,* 177 Pa. Superior Ct. 174, 111 A. 2d 376.

The judgment of sentence in each case is reversed and new trials awarded.

---

DISSENTING OPINION BY WRIGHT, J.:

I am not in accord with the view of the majority that the sketches were improperly admitted in evidence. Assuming arguendo that there was some irregularity in this connection, it was not sufficiently prejudicial to constitute reversible error. My examination of this record leads me to agree with the court en banc that these

456

appellants received a fair trial and were properly convicted. I would affirm the judgments below.

WOODSIDE, J., joins in this dissenting opinion.