UNITED STATES of America ex rel. James P. CARAFAS, Relator-Petitioner,

v.

Hon. Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.

Civ. No. 9657.

United States District Court
N. D. New York.

July 22, 1963.

James P. Carafas, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Albany, N. Y., for respondent.

JAMES T. FOLEY, Chief Judge.

The petitioner, confined at Auburn State Prison, submits a typewritten petition that as far as the typing is concerned would be the envy of a first-rate stenographer, and for content, factually and legally, many lawyers would be unable to match. He was convicted in Nassau County after trial by jury of Bur-

glary, Third Degree, and Petit Larceny, and sentenced October 22, 1960 to a term of three to five years. The judgment of conviction was affirmed by the Appellate Division, Second Department (14 A.D.2d 886, 218 N.Y.S.2d 536). The Court of Appeals granted permission to appeal and affirmed without opinion, and later amended its remittitur to show a constitutional question was passed upon. (11 N.Y.2d 891, 227 N.Y.S.2d 926, 182 N.E.2d 413; id. 969, 229 N.Y.S.2d 417, 183 N.E.2d 697). Certiorari was denied 372 U.S. 948, 83 S.Ct. 944, 9 L.Ed.2d 973.

The federal question presented is one that promises to be troublesome for the District Court and needs, in my judgment, definite ruling in the federal Appellate Courts to diminish to some extent the confusion, disorder and uncertainty that is not only increasing in the State Courts but in this District Court as well. The claim is that photographs of evidence allegedly seized by illegal search were introduced at the state trial over objection. The preface to the Court of Appeals decision (11 N.Y.2d 891, 227 N.Y.S.2d 926, 182 N.E.2d 413) indicates no objection was made to the photographs inasmuch as they were not connected with the search and seizure. It is not clear whether the Court of Appeals so found, because it did not write, but it is significant that the petitioner in his competent pleading does not refer to any page of the trial record to show that a lawyer stood on his feet and said "I object", although there are other numerous page references to the trial record. The failure to object is of extreme importance under New York rulings and its necessity is still uncertain in habeas corpus proceedings. (Hall v. Warden, Maryland Penitentiary, 4 Cir., 313 F.2d 483. Cert. den. sub nom Pepersack v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L. Ed.2d 1032; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726). The New York Court of Appeals previously held such objection was necessary for review by it. (People v. Coffey, 11 N.Y. 2d 142, 227 N.Y.S.2d 412, 182 N.E.2d 92; People v. O'Neill, 11 N.Y.2d 148, 227 N.Y.S.2d 416, 182 N.E.2d 95; People v. Friola, 11 N.Y.2d 157, 227 N.Y. S.2d 423, 182 N.E.2d 100). The Court of Appeals, Second Circuit, has avoided consideration of the effect of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, on convictions in state courts which preceded that decision. (U. S. ex rel. Vaughn v. LaVallee, Warden, 2 Cir., 318 F.2d 499).

There will be much writing before the district courts and state courts will be able to find their way with any semblance of confidence. However, there does seem to be an indication in the Court of Appeals, Second Circuit, by recent decisions—and I think it wise policy—that the State, whenever there is available remedy still open, be given the courtesy to review its previous rulings in view of the recent Supreme Court rulings described by the dissenters as an abrupt break with the past. (U. S. ex rel. Rivera v. LaVallee, Warden, 2 Cir., 319 F.2d 849; U. S. ex rel. Martin v. Murphy, Warden, 2 Cir., 319 F.2d 897; U. S. ex rel. Kling v. LaVallee, 2 Cir., 306 F.2d 199. See also Otten v. Warden, (D.C.Maryland), 216 F.Supp. 239). I have already written in U. S. ex rel. Wilson v. Murphy, Warden, memo-decision dated June 11, 1963, that to lessen to some degree the confusion and shopping in this District I would follow the previous decision of Judge Brennan following the New York Court of Appeals decisions which in effect hold the Mapp ruling not retroactive.

I always avoid whenever possible putting a petitioner back on the merry-go-round of our endless system of review. However, there does seem good reason here. In the case of People v. Kelly, 12 N.Y.2d 248, 238 N.Y.S.2d 934, 189 N.E. 2d 477, the Court of Appeals, New York, clarified its previous rulings as to the necessity for objections or exceptions in these unreasonable search and seizure problems. It was flatly held that intermediate appellate courts may, regardless of objections or exceptions, reverse in the interests of justice or because the

trial court judgment was against the weight of the evidence. In view of this new development, I think it beneficial to the interests of justice and the vital federal-state comity relationship that the petitioner should reapply to the Court of Appeals, New York, or the Appellate Division, Second Department, for possible reconsideration in view of the Kelly decision. (U. S. ex rel. Allen v. Murphy, 2 Cir., 295 F.2d 385).

The petition is denied without prejudice. The papers shall be filed without the prepayment of fee, and it is

So ordered.