411 A.2d 1222

**COMMONWEALTH of Pennsylvania**

v.

**Michael A. SCOTT, Appellant.**

Superior Court of Pennsylvania.

Argued July 23, 1979.

Filed Oct. 5, 1979.

John F. Raimondi, Philadelphia, for appellant.

Edward Wilbraham, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN and HONEYMAN, JJ.*

HONEYMAN, Judge:

After trial by jury, appellant was convicted of murder in the first degree and possession of instrument of crime. After post trial motions were denied, he received a sentence of life imprisonment on the murder and a suspended sentence on the lesser offense. From these judgments of sentence he appealed.

Albert Tomoney was pronounced dead at a hospital at 6:00 p. m. March 7, 1977. Cause of death was determined to be a stab wound in his back which passed into the lung to a depth of five inches. His stabbing had been preceded by a gang war between Albert and his cohorts and appellant and his cohorts. First fists were used, and then sticks. Albert's gang was prevailing until reinforcements for appellant's gang turned the tide of battle. Thomas, brother of Albert, testified that appellant led his group and that he, Thomas, saw appellant standing over Albert with a knife in his hand and heard him yell "Yeah, we got one, we got one" following which appellant ran back. Thomas and Albert ran to their home with Albert bleeding from the mouth and back.

At the time of these events Mrs. Lillian Riggs returned to her home from work by automobile which she parked. As she alighted from the car she observed three young men approaching her and they were being chased by others. She

---

* Justice HENRY X. O'BRIEN of the Supreme Court of Pennsylvania and Judge ROBERT W. HONEYMAN of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

saw one of the three being struck by one of the second group with what she, at first, believed to be a stick. However, she then saw a long knife in the assailant's hand. She said that the victim got up with a contorted look on his face and ran away, at which the assailant yelled "So M.F. you want a gang war. My name is so-and-so." She went into her home, and one hour later her children came in and told her that "Peanut was stabbed." Mrs. Riggs immediately phoned the police and was promptly interviewed by a police artist who made a sketch of the person she described to him as the assailant. The artist received no information from anyone else. After the sketch was completed she identified it as the person she had seen committing the assault, and she signed it. At trial, she identified both her signature thereon and the sketch as being an accurate pictorial likeness of the assailant. The artist was not called to testify at trial. At trial, Mrs. Riggs was unable to positively identify the appellant. The trial judge admitted the sketch into evidence over objection by appellant's counsel.

■ Appellant contends that it was error to admit the artist's sketch. There are only two prior reported appellate cases in Pennsylvania bearing upon this point. In *Com. v. Dugan*, 252 Pa.Super. 377, 381 A.2d 967 (1977), the time that elapsed between the commission of a rape and completion of an artist's sketch prepared from information given by the victim of the rape was between two and one-half to three hours. It was held that the sketch was properly admitted as part of the res gestae. In *Com. v. Rothlisberger*, 197 Pa.Super. 451, 178 A.2d 853 (1962), the lapse of time between the commission of the crime and the completion of the sketch was four days and it was held that the sketch was inadmissible. Thus, under *Dugan*, we hold that the artist's sketch was properly admitted as part of the res gestae. We see no reason to make a distinction between a situation where information given to the artist comes from the victim of the crime as opposed to one where the information is supplied by an eye witness, as herein.

■ Next the appellant asserts that the Commonwealth was improperly permitted to impeach Mrs. Riggs as its own

witness. We find no merit therein. On direct examination, she was not asked to identify appellant. On cross-examination she was so asked and said she could not. Then, in rebuttal, the prosecutor went into the artist's sketch. This does not constitute impeachment, particularly since we have concluded that the artist's sketch was admissible as an exhibit as part of the res gestae. The cases upon which appellant relies, viz. *Com. v. Payne*, 455 Pa. 503, 317 A.2d 208 (1974) and *Com. v. Weeden and Reed*, 457 Pa. 436, 322 A.2d 343 (1974) are clearly distinguishable.

■ Finally, appellant questions the sufficiency of the evidence identifying him as the assailant. Certainly the combination of the testimony of decedent's brother, the testimony of Mrs. Riggs and the artist's sketch was sufficient to support the verdict of the jury. All reasonable inferences under the evidence belonged to the Commonwealth at this juncture.

Judgments of sentence affirmed.