■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered December 17, 1982, convicting him of robbery in the second degree (two counts) and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

We find that the defendant voluntarily consented to be represented by his codefendant's attorney at his lineup and that there was no significant likelihood of a conflict of interest arising out of that joint representation; therefore, the defendant's right to counsel at his court-ordered lineup was not violated (see, People v Coleman, 43 NY2d 222, 226; People v Gomberg, 38 NY2d 307, 313-314; People v Cruz, 101 AD2d 841, affd 63 NY2d 848). Although the attorney inadvertently placed into the defendant's lineup two of the stand-ins from his codefendant's lineup which the complainant had just viewed, in effect converting a five-man lineup into a three-man lineup, the totality of the circumstances supports the hearing court's finding of no undue suggestiveness (see, People v Norris, 122 AD2d 82; People v Wright, 112 AD2d 179). In any case, the complainant had a sufficient opportunity to observe the defendant during the crime and her in-court identification was, therefore, admissible (see, People v Lloyd Winston G., 45 NY2d 962, 964).

The defendant's objections to the court's ruling pursuant to People v Sandoval (34 NY2d 371) are without merit since the prior convictions which the court refused to exclude as a subject of cross-examination of the defendant if he testified (robbery, petit larceny and criminal possession of stolen prop-

erty) were directly probative as to his credibility, since those convictions involved acts of individual dishonesty and untrustworthiness *(see, People v Sandoval, supra,* at p 377; *People v Torres,* 110 AD2d 794).

Lastly, we reject the defendant's contention that a police report containing a composite description of the perpetrators not attributable to any specific witness should have been admitted in evidence as a prior inconsistent statement. The report was properly excluded as hearsay (Richardson, Evidence §§ 200-201 [Prince 10th ed; *People v Sostre,* 70 AD2d 40, *affd* 51 NY2d 958). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.