## Salem

## REX ALLEN HARRISON

v.

## COMMONWEALTH OF VIRGINIA

No. 0087-88-3

Decided October 17, 1989

COUNSEL

G. Carter Greer (Greer, Greer & Furrow, on brief), for appellant.

Frank S. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General; Mildred B. Cain, Assistant Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Rex Allen Harrison (appellant) appeals from a judgment of the Circuit Court of Franklin County (trial court), which approved a jury verdict convicting him of aggravated sexual battery. The issues he presents are: (1) whether a composite sketch made by a state police artist from information given him by the complaining witness (victim), and admitted into evidence without the testimony of the artist, was inadmissible hearsay; and (2) whether the sketch constituted an expert opinion of the person who drew it, thereby requiring a foundation be laid before admitting it into evidence.

The Commonwealth argues that because appellant failed to state with specificity the ground for his objection to the admissibility of the composite sketch, we should not consider either issue presented by this appeal. Our review of the record reveals that the trial court considered and ruled upon the objection on the issues submitted for our consideration. For that reason we decline to sustain the Commonwealth's motion to dismiss.

Viewing the evidence most favorable to the Commonwealth, granting to it all reasonable inferences therefrom, the relevant facts disclose that at approximately 8:00 p.m. on March 28, 1987, in the backyard of her home, victim was grabbed by her assailant, thrown to the ground and struck in her face. She suffered a fractured mandible and multiple lacerations and contusions which required emergency room treatment at the hospital where she was employed as a nurse. In addition, her blouse and bra were torn from her body and her breasts were fondled by the attacker. Although the events occurred at dusk, nearby lights enabled victim sufficiently to see the assailant's face to describe him to a police artist.[1] Because victim believed that two or three months prior to the attack she had seen her assailant on the hospital grounds, a copy of the sketch was displayed at the hospital. On June 3, 1987,

---

[1] The assailant fled the scene when lights from an automobile temporarily shone into the yard.

one of the nurses at the hospital who had seen the sketch saw appellant in its emergency room and advised victim by telephone. Victim immediately came to the hospital, saw appellant, and contacted the police, who came to the hospital and placed appellant under arrest.

At trial, victim made an in-court identification of appellant as her assailant. In addition, she identified the sketch as the one drawn by the artist from information she personally gave him on the night she was assaulted. The jury viewed the sketch and was able to compare its likeness to appellant as he testified on his behalf.

Appellant argues that the hearsay rule applies to written as well as oral statements, and argues that it is the picture itself that speaks hearsay and that its implicit assertions are an expression of the artist's opinion. Appellant's arguments are not in accord with the majority of the courts which have addressed those issues. In *Commonwealth v. Thornley*, 400 Mass. 355, 509 N.E.2d 908 (1987), the Massachusetts Supreme Court concluded that a composite sketch is not a "statement" within the meaning of the hearsay rule and is admissible if the process used to obtain it was not impermissibly suggestive. No such suggestion is contained in the record before us. In *United States v. Moskowitz*, 581 F.2d 14 (2nd Cir.), *cert. denied*, 439 U.S. 871 (1978), the Court of Appeals, speaking through Judge Meskill, reached a similar conclusion. Noting that, as here, the sketch was made from information given to a police artist soon after the crime was committed, Judge Meskill said:

> The sketch itself . . . need not fit an exception to the rule against hearsay because it is not a "statement" and therefore can no more be "hearsay" than a photograph identified by a witness.
>
> * * *
>
> The testimony of the artist was no more necessary as a condition of admissibility than a photographer's testimony would have been had the witnesses identified a photograph.

*Id*. at 21; *see also State v. Packard*, 184 Conn. 258, 439 A.2d 983 (1981) (where the Connecticut court likened a composite sketch to photographs and held that the sketch did not constitute a statement which would bring it within the hearsay rule). Other states

have declared that as a general rule sketches are not hearsay or are admissible because of specific exceptions to the hearsay rule. *State v. Ginardi*, 111 N.J. Super. 435, 268 A.2d 534, *aff'd*, 57 N.J. 438, 273 A.2d 353 (1971) (prior identification); *People v. Rogers*, 81 Ill. 2d 571, 411 N.E.2d 223 (1980) (prior extrajudicial identification); *People v. Bills*, 53 Mich. App. 339, 220 N.W.2d 101 (1974) (*res gestae*).

Views contrary to the majority have been expressed in *Commonwealth v. Rothlisberger*, 197 Pa. Super. 451, 178 A.2d 853 (1962) and *People v. Johnson*, 505 N.Y.S.2d 451, 122 A.D.2d 812 (1986). In *Rothlisberger*, the sketch was clearly classified as hearsay; however, in *Johnson*, the reason the evidence was excluded was because no one testified that a witness had given the artist the information from which the picture was created.

▮▮▮ We adopt the views expressed in *Thornley* and *Moskowitz* and hold that a composite sketch is not a "statement" within the meaning of the hearsay rule. We also hold that a composite sketch is admissible when properly identified by the person who gave the artist the information from which the sketch was created. The testimony of the artist was no more necessary as a condition of admissibility than a photographer's testimony would be when a competent witness has identified a photograph as an accurate portrayal of that which it purports to depict.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.