■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ACEVEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 5, 1987, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

According to the trial testimony, on the evening of October 12, 1986, after the defendant had refused to sell cocaine on credit to the victim, he drew a gun and shot the victim in the head at close range, killing her. On appeal, the defendant contends that the prosecutor denied him his right to a fair trial in his improper direct examination of two of the People's witnesses, as well as during summation. In addition, he argues that his sentence was excessive. The defendant's contentions are without merit.

We note that none of the defendant's claims of prosecutorial misconduct are preserved for appellate review, either because he failed to object, or because when his objections were

sustained he neither asked for further curative instructions, nor did he move for a mistrial *(see,* CPL 470.05 [2]).

The prosecutor's use of witness Gutierrez's Grand Jury testimony did not constitute impermissible bolstering, but rather was an appropriate rehabilitation of the People's witness, whom the defendant had accused of recent fabrication during cross-examination, by means of a prior consistent statement made at a time when the witness had no motive to lie *(see, People v Davis,* 44 NY2d 269; *People v Burgin,* 40 NY2d 953).

The prosecutor's remarks on summation, most of which were not objected to, constituted fair comment on the evidence, and/or an appropriate response to defense counsel's arguments on summation *(see, People v Ashwal,* 39 NY2d 105; *People v Pugliese,* 131 AD2d 789).

Finally, we conclude that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.