■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GADDY, Appellant. [618 NYS2d 462] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered December 6, 1991, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the lineup was not per se unduly suggestive because the complainant, unbeknownst to the police, recognized three of the five fillers as persons he had seen in the neighborhood *(see, People v Green,* 143 AD2d 768; *People v Johnson,* 122 AD2d 812; *People v Norris,* 122 AD2d 82). Instead, where issues of undue suggestiveness arise, the court looks to the totality of the circumstances surrounding the lineup *(see, People v Green, supra,* at 769; *People v Rodriguez,* 124 AD2d 611, 612; *People v Johnson, supra,* at 812; *People v Norris, supra,* at 83-84). A review of the record indicates that the lineup was properly conducted in all respects.

The defendant failed to preserve for appellate review his objection to that portion of the prosecutor's summation which commented on the lineup procedure *(see, People v Sweeney,* 161 AD2d 613; *People v Acevedo,* 156 AD2d 569). In any event, we find that the prosecutor's comments were a proper response to the defense counsel's summation *(see, People v Galloway,* 54 NY2d 396; *People v Sweeney, supra,* at 613; *People v Acevedo, supra,* at 569-570; *People v Collins,* 136 AD2d 722). Lawrence, J. P., O'Brien, Joy and Altman, JJ., concur.