665 A.2d 473

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Thomas BEALE.**

Superior Court of Pennsylvania.

Argued April 18, 1995.

Filed Aug. 17, 1995.

Reargument Denied Oct. 20, 1995.

242

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Owen Larrabee, Philadelphia, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from an order entered July 13, 1994, denying in part and holding in abeyance in part, the Commonwealth's motion to admit evidence regarding a composite sketch. Appellant, the Commonwealth, presents the following issues for our review:

1. Where the defense argues that a rape victim is mistakenly remembering the defendant's features from a photo array, and that the police created the array to "frame" the defendant; is the introduction of a composite created by the victim before she saw the photo array, offered to prove that she is independently recalling the features described therein and that the police were not trying to "frame" defendant by relying on the composite, barred by the hearsay rule?

2. Is a rape victim's composite statement describing the features of the defendant admissible under the prior identification exception defined by the Pennsylvania Supreme Court in *Commonwealth v. Ly?*

3. Where the defense claims throughout trial that the rape victim is fabricating her in-court identification of the defendant in order to conceal her reliance on an allegedly tainted photo array, does a composite statement made by the victim before seeing the array, identifying the defendant's features, constitute a prior consistent statement admissible in the Commonwealth's direct case?

4. Where the evidence from a prior trial shows that the entire defense will consist of attacking the rape victim's veracity and memory, did the court err in ruling before retrial that a prior consistent statement by the victim, if admissible at all, would be admissible only on rebuttal,

where there is no assurance that the Commonwealth would be entitled to rebuttal?

5. Where the defense argues that the rape victim's memory is impaired, does a composite statement by the victim, made near the time of the event and based on firsthand knowledge, qualify as a recorded recollection?

Appellant's Brief at 3–4. For the reasons set forth, we reverse.

On April 12, 1994, appellee Thomas Beale was brought to trial for involuntary deviate sexual intercourse and several other related offenses. The charges stemmed from allegations that on November 1, 1992, appellee forced a sixteen year old girl, at gunpoint, into an alley to engage in fellatio.

At trial, the defense argued that a tainted photo array shown to the victim in May of 1993, had improperly influenced her in-court identification of appellee as the assailant. On rebuttal, the Commonwealth was precluded from entering evidence regarding a composite sketch of the perpetrator, which had been made on November 3, 1992. On April 18, 1994, following jury deadlock, the trial court declared a mistrial. The case was thereafter scheduled for re-trial.

On July 6, 1994, prior to the commencement of the second trial, the Commonwealth presented a motion in limine and memorandum of law concerning the admissibility of the composite sketch. At argument, on July 12, 1994, the Commonwealth requested that the court's determination on the motion be made prior to the impaneling of the jury. Following the trial court's denial of the Commonwealth's request, the Commonwealth filed an emergency petition before this court requesting a stay of the proceedings below pending the final resolution of the Commonwealth's motion.[1] This court granted the Commonwealth's petition and on July 13, 1995, the trial

1. At that time, and subsequently on August 18, 1994, the Commonwealth filed notices of appeal, docketed at 2347 PHL 94 and 2806 PHL 94, from an order the Commonwealth stated had been entered by the trial court on July 12, 1994. However, as no order had yet been entered by the trial court, those appeals are quashed. Pa.R.A.P. 301; 341.

court entered an order ruling the composite sketch inadmissible in the Commonwealth's case-in-chief. The trial court's order also reserved for later determination, the admissibility of the composite on rebuttal. On appeal to this court, appellant raises several challenges to the trial court's exclusion of the composite sketch at trial.[2]

First, appellant argues that the trial court erred in declaring that the sketch was not admissible as a prior consistent statement.

The prior consistent statement of a witness must be excluded from trial as hearsay if offered for the truth of the matter asserted in the statement. *Commonwealth v. Rothlisberger*, 197 Pa.Super. 451, 178 A.2d 853 (1962). *See generally* Leonard Packel & Anne Bowen Poulin, Pennsylvania Evidence § 801.6 (1987). However, where there is an allegation that the witness' testimony is fabricated or biased or influenced by corrupt motives, the statement is admissible as non-hearsay for the purpose of rehabilitating the witness. *See Commonwealth v. Hutchinson*, 521 Pa. 482, 556 A.2d 370 (1989); *Commonwealth v. Swinson*, 426 Pa.Super. 167, 626 A.2d 627 (1993). In order for the statement to be admissible, however, it must have been made before its effect on the case could have been foreseen or before the corrupt motive or influence existed. *U.S. v. Casoni*, 950 F.2d 893 (3d Cir.1991). *See also Commonwealth v. Bennie*, 352 Pa.Super. 558, 508 A.2d 1211 (1986) (subsequent identification is admissible where clear and convincing evidence indicates that it was based upon source independent of tainted identification); *Commonwealth v. Glover*, 265 Pa.Super. 19, 401 A.2d 779 (1979) (in-court identification of defendant was not tainted by illegal photographic identification where evidence demonstrated that witness had identified defendant prior to the tainted photo array). Moreover, it is not necessary that the impeachment be explicit but only that the jury be able to reasonably infer that it is

2. *See Commonwealth v. Cohen*, 529 Pa. 552, 605 A.2d 1212 (1992) ("[T]he Commonwealth may appeal pretrial orders which exclude evidence and have the effect of terminating or substantially handicapping the prosecution...").

occurring.  *Commonwealth v. Willis,* 380 Pa.Super. 555, 552 A.2d 682 (1988), *appeal denied,* 522 Pa. 583, 559 A.2d 527 (1989).

■   In the instant case, appellee contends that the photo array from which the victim identified appellee was suggestive.  Appellee further argues that the victim's in-court identification has been compromised by the suggestive photo array. However, prior to her exposure to the photo array, the victim had made a composite sketch of her assailant.  *Cf. Commonwealth v. Scott,* 270 Pa.Super. 551, 411 A.2d 1222 (1979) (admitting composite sketch as a statement under res gestae exception to hearsay rule).  As the composite sketch was made before the victim viewed the photo array, it is admissible at trial as a prior consistent statement to demonstrate an independent basis for her in-court identification.

Appellant further argues that the trial court erred in ruling that a prior consistent statement may not be admitted into evidence in the case-in-chief.

■   Where, as here, it is apparent that the defense centers around impeaching the credibility of a witness, a prior consistent statement may, at the discretion of the trial court, be admitted before impeachment.  *Commonwealth v. Smith,* 518 Pa. 15, 540 A.2d 246 (1988).  The trial court, therefore, erred as a matter of law, in concluding otherwise.

■   Appellant also contends that the composite sketch is admissible at trial, under the past recollection recorded exception to the hearsay rule.

■   The contents of a writing may be admitted at trial, as past recollection recorded only where:

1) the witness had firsthand knowledge of the event; 2) the written statement is an original memorandum made at or near the time of the event and while the witness had a clear and accurate memory of it; 3) the witness lacks a present

recollection of the event; and 4) the witness can vouch for the accuracy of the written memorandum.

*See Commonwealth v. Shaw,* 494 Pa. 364, 431 A.2d 897 (1981).

Here, appellant notes that appellee's argument at trial is that the victim's recollection of her assailant has been influenced by the suggestive photo array. Appellant argues that appellee's defense, without more, is sufficient to satisfy the requisite that the witness lack present recollection of the event.

The rationale underlying the past recollection recorded exception is necessity. Packel & Poulin, *supra* § 803.5. The exception is therefore only available where the proponent of the statement affirmatively pleads that the witness is presently unable to recall the relevant events. *Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982). *See generally* Packel & Poulin, *supra* § 803.5 (1987). Appellant does not, here, argue that the complainant's memory has been impaired. Consequently, appellant is not entitled to utilize the past recollection recorded exception.

Finally, appellant contends that the composite sketch is admissible at trial under the prior identification exception rule.

Under the prior identification exception to the hearsay rule, testimony concerning a witness' pre-trial identification of a defendant is admissible at trial to corroborate the victim's identification testimony at trial. *Commonwealth v. Ly,* 528 Pa. 523, 599 A.2d 613 (1991); *Commonwealth v. Ballard,* 501 Pa. 230, 460 A.2d 1091 (1983). *See generally* Packel & Poulin, *supra* § 801.7. *See also Commonwealth v. Haber,* 351 Pa.Super. 79, 505 A.2d 273 (1986), *superceded by statute, on other grounds, as stated in, Commonwealth v. Hanawalt,* 419 Pa.Super. 411, 615 A.2d 432 (1992) (citing *Commonwealth v. Dean,* 300 Pa.Super. 86, 445 A.2d 1311 (1982)) (it is within the discretion of the trial court to allow the admission of corroborative evidence).

In the instant case, the complainant created a composite sketch of her assailant two days following the rape, with the aid of a police sketch artist. The Commonwealth argues that

the composite should be admissible on direct examination to corroborate the complainant's in-court identification of appellant as the assailant. Appellee, however, asserts that the prior identification exception is only applicable where the pretrial identification has taken the form of a photo array or a defendant line-up.[3]

In defining the boundaries of the prior identification exception, Pennsylvania courts have created a distinction between an identification and a description. *See Commonwealth v. Gore*, 262 Pa.Super. 540, 396 A.2d 1302 (1978) (rule permitting admission of testimony regarding prior identifications as substantive evidence does not permit admission of matters of description). Implicit in this distinction is the conception of a description as that which creates a subjective impression in the mind of each listener which cannot be verified by the person rendering the description. *See, e.g., Commonwealth v. Ferguson*, 327 Pa.Super. 305, 475 A.2d 810 (1984) (witness identified defendant after viewing one hundred photographs of persons matching the description witness had given of attacker). An identification, however, includes a process of verification which enables the parties to share the same impression. *Cf. Ferguson*, 327 Pa.Super. 305, 475 A.2d 810.

Our review of Pennsylvania case law further reveals that the classification of 'identification' has extended far beyond the realm of photographs and visual line-ups. *See Commonwealth v. Johnson*, 201 Pa.Super. 448, 193 A.2d 833 (1963) (police testimony regarding the pre-trial voice identifications admissible as the victims were present in the courtroom to vouch for the accuracy of the pre-trial identifications

3. In support of his position, appellee refers this court to the Pennsylvania Supreme Court's decision in *Morris. Commonwealth v. Morris*, 522 Pa. 533, 564 A.2d 1226 (1989). There, the court was asked to review the trial court's admission of a composite sketch of a murder suspect which had been completed approximately three days following the crime, under the res gestae exception. *Id.* In concluding that the trial court had erred, the court broadly stated that the admission of the sketch violated the hearsay rule. *Id.* As the instant issue was not, however, before the *Morris* court, we do not find this case controlling. *See Commonwealth v. McCormick*, 359 Pa.Super. 461, 519 A.2d 442 (1986) (Superior Court may not consider dictum).

and were subject to cross-examination); *Commonwealth v. Michaux*, 360 Pa.Super. 452, 520 A.2d 1177 (1987), *appeal denied*, 517 Pa. 605, 536 A.2d 1329 (1987) (officer's testimony regarding a dog's identification of defendant as burglar admissible as testimony regarding dog's actions was equivalent to the description of the operation of an intricate piece of machinery). This line of cases illuminates that in making an identification, it is not essential that the name of the person or object in question be readily available, merely that the person or object in question be discernible from others. *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954) (identification may be made through the perception of any of the senses). Further, when making an identification, it is sometimes necessary to employ artificial means in order to communicate the image to others.[4] *Michaux*, 360 Pa.Super. 452, 520 A.2d 1177 (1987). The witness' certainty in making the identification as well as the degree of similarity between the object identified and the defendant does not affect the admissibility of the identification but instead goes to the weight and credibility of the witness' testimony.[5] *Kloiber*, 378 Pa. 412, 106 A.2d 820 (it is not

4. Although the res gestae exception remains separate and distinct from the prior identification exception, we note that recent case law admitting composite sketches for the purpose of demonstrating identity under the res gestae exception to the hearsay rule implicitly rejects any intimation that the process of creating a composite sketch is inherently dubious. *See Scott*, 270 Pa.Super. 551, 411 A.2d 1222. *Cf. Michaux*, 360 Pa.Super. 452, 520 A.2d 1177. *But see Rothlisberger*, 197 Pa.Super. 451, 178 A.2d 853. Moreover, composite sketches have been used widely and effectively in criminal law enforcement to apprehend offenders. The implication of appellee's suggestion that their creation subjects eyewitnesses to the improper influence of the artist is that subsequent identifications made by the witness are tainted. It would, therefore, be necessary to preclude their use not merely at trial, but also during criminal investigation. *Cf. Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (regarding the admissibility of photograph identification evidence at trial). *See, e.g., Bennie*, 352 Pa.Super. 558, 508 A.2d 1211 (subsequent identification is admissible only where evidence indicates that it was based upon source independent of tainted identification).

5. In several jurisdictions little distinction is made between composite sketches and photographic arrays with regard to their admissibility at trial. We note that in New York courts have excluded evidence regarding pre-trial composite sketches of assailants, at trial, not because of

essential that witness should be free of doubt to the correctness of his opinion when making an identification); *Commonwealth v. Turner*, 237 Pa.Super. 201, 352 A.2d 68 (1975) (evidence of voice line-up was admissible despite defendants contentions that accuracy of voice identification was only 35% in view of time which had passed since alleged crime). *See generally* 1 Charles E. Torchia, Wharton's Criminal Evidence § 126 (14th ed. 1985) (questions regarding the means or manner in which an identification is made ordinarily affect the weight afforded the evidence and not to its admissibility).

██ In creating a composite sketch, the witness supplies the artist with a verbal description of the perpetrator. The artist's impression of the perpetrator is repeatedly altered until it matches the witness' impression.[6] As the witness both controls the impression created and verifies it, a composite sketch constitutes an identification. Therefore, a sketch may be admitted under the prior identification exception, at the discretion of the trial court.

any inherent difference between sketches and photographs but because New York courts exclude all forms of extrajudicial identifications, except a witness' testimony regarding a pre-trial identification of the defendant in the flesh. *See People v. Coffey*, 11 N.Y.2d 142, 227 N.Y.S.2d 412, 182 N.E.2d 92 (1962) (excluding composite sketch as hearsay except where credibility is at issue); *People v. Cioffi*, 1 N.Y.2d 70, 150 N.Y.S.2d 192, 133 N.E.2d 703 (1956) (photo arrays may easily be distorted to affect identification and often allow the jury to infer that the person has been in trouble with the law). New Jersey courts in admitting composite sketches as well as photographs, have however adopted the position, similar to that taken by this court in *Doa*, that a prior identification of an accused is generally more reliable than the witness' identification of the accused at trial. *State v. Ginardi*, 111 N.J.Super. 435, 268 A.2d 534 (App.Div.1970), *affirmed* 57 N.J. 438, 273 A.2d 353 (1971). *Cf. Commonwealth v. Doa*, 381 Pa.Super. 181, 553 A.2d 416 (1989) (quoting *People v. Gould*, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960)).

6. Appellee suggests that a composite sketch comprises a picturing not of the defendant but of the assailant and therefore should be inadmissible under the prior identification exception. *See also Ginardi*, 111 N.J.Super. 435, 268 A.2d 534, 545 (App.Div.1970) (Concord, P.J.A.D. dissenting). We note, however, that it is the intent of the law, not to convict a defendant but the assailant. Pre-trial identifications are able to capture an impression of the assailant as he or she was perceived by the witness at the time the crime was committed, best ensure that the two are one and the same.

252

Accordingly, the order of the trial court is reversed and the case is remanded for proceedings consistent with this opinion and for the commencement of trial.

Reversed and remanded.   Jurisdiction relinquished.

WIEAND, J. concurs in the result.