■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL H. EDWARDS, Appellant. [656 NYS2d 900] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered February 22, 1996, convicting him, upon his plea of guilty, of the crime of criminal sale of a controlled substance in the fifth degree.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ELLISON, Appellant. [656 NYS2d 900] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Demarest, J.), imposed May 24, 1995, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

The defendant's waiver of the right to appeal on the ground that the sentence was excessive cannot be deemed knowing, voluntary, and intelligent *(see, People v Rolon,* 220 AD2d 543). We have considered the defendant's contention that the sentence was excessive, and find it to be without merit *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GADDY, Appellant. [656 NYS2d 900] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 7, 1994 *(People v Gaddy,* 209 AD2d 430), affirming a judgment of the Supreme Court, Queens County, rendered December 6, 1991.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Thompson, Joy and Altman, JJ., concur.