■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIGOBERTO PACHECO, Appellant. [680 NYS2d 876] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 18, 1996, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record fails to support the conclusion that the trial prosecutor engaged in pervasive misconduct throughout the proceedings so as to constitute reversible error. Although one prosecution witness testified during cross-examination that he previously had been arrested along with the defendant, there is absolutely no indication that this response, elicited by the defendant's attorney during repeated questioning regarding the witness's conceded criminal record, was either planned by the prosecutor or resulted from a lack of proper witness preparation on the part of the prosecutor. Similarly, the defendant's claim that the prosecutor should have redacted an inculpatory statement made by the defendant to his father shortly after the killing is unpersuasive. The defendant's attorney had been provided with the complete statement well before the witness commenced testifying, and the attorney had even discussed the statement with the court and the prosecutor, yet never made any request that it be redacted in any respect. Under these cir-

cumstances, the prosecutor was under no obligation to edit the statement for the defendant's attorney. With regard to the prosecutor's summation, the defendant has failed to preserve for appellate review his challenges to the propriety of certain remarks (*see, People v Dien,* 77 NY2d 885; *People v Scotti,* 220 AD2d 543). In any event, the challenged statements largely constituted either fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105) or appropriate responses to the defense summation (*see, People v Goodson,* 185 AD2d 945; *People v Acevedo,* 156 AD2d 569; *People v Baldo,* 107 AD2d 751), and did not deprive the defendant of a fair trial.

The defendant's sentence is neither unduly harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (*see,* CPL 470.05 [2]), lacking in merit, or harmless given the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.