## Carey *v.* Philadelphia Transportation Co., Appellant.

322

Argued November 28, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 5, 1968.

 

*William J. McKinley, Jr.,* for appellant.

*Andrew F. Napoli,* with him *James M. Moran,* and *Cohen & Verlin,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, January 3, 1968:

The five plaintiffs in this case were injured in an accident which occurred on November 24, 1960, when the automobile in which they were riding came into collision with a bus owned by the defendant and operated by one of its employees. The plaintiffs filed suits in trespass against the defendant company. Owing to the deplorable backlog in untried cases in Philadelphia County, the case (all suits having been consolidated for trial) did not reach the courtroom until October 11, 1966. The submission of evidence on behalf of the plaintiffs terminated on Thursday, October 13, 1966. The court then recessed for four days until the succeeding Monday, October 17, when the defendant proceeded to present its case.

After four defense witnesses had been heard, defendant's counsel notified the court that one of his witnesses, a Joseph McClain, although subpoenaed, had failed to appear and requested that the court issue a bench warrant to compel McClain's appearance. The bench warrant issued, but McClain could not be found, and defendant's counsel then moved for withdrawal of a juror and continuance of the case, because of the absence of McClain. The court refused the continuance and the case was submitted to the jury, which returned verdicts in favor of the plaintiffs.

The defendant has appealed, urging a new trial on the basis, inter alia, that the trial court had erred in

refusing the requested continuance. The rule applicable to a situation of this kind is well summarized in 4 Standard Pennsylvania Practice, 627: ". . . while it is the policy of the law that the parties to an action have the benefit of the personal attendance of material witnesses wherever reasonably practicable, it necessarily lies within the discretion of the trial court to determine, in the light of all the circumstances of each case, whether or not a cause before it should be continued on the ground of absence of material witnesses. Such a continuance will be granted only where it is shown that their expected testimony is competent and material, and not merely cumulative or impeaching; that it is credible and would probably affect the result, that it probably can be obtained at a future trial, and that due diligence has been exercised to secure it for the trial, including efforts to subpoena the absent witnesses and to take their depositions."

It would appear from the record that the defendant's request for a continuance did not meet the requirements here indicated. The witness McClain when subpoenaed had been directed to report to the defendant's counsel's office in order to prepare his testimony. He did visit defendant's counsel's office at the beginning of the trial but at no time appeared in the courtroom. Without finding fault anywhere or placing blame on anyone, it is not apparent that the defendant exercised that diligence in this matter which would justify so drastic a procedure as ordering a new trial, which would necessitate another long delay in the final adjudication of the plaintiffs' claims.

Another reason supporting the judge's refusal to grant a continuance, is that, when counsel made his motion for a continuance, he did not specify what the witness would testify to. It is not enough to say that a witness is missing. There must be some indication that the witness' tetimony will contribute something of

substance in the quest of truth. A witness in the abstract is a phantom who puts on flesh and reality only when he mounts the witness stand and testifies. A duty, therefore, devolves upon counsel seeking a continuance to show that the missing testimony, if accepted, will bring about a result different from the one already rendered. In the case of *LaPosta v. Himmer*, 358 Pa. 69, this Court, in affirming the refusal to grant a continuance in a case where a witness had failed to appear, approved what had been said by the lower court: "No written statement or deposition of this witness has yet been submitted to us that would disclose that his testimony would have been helpful to the partnership defendant or that if a new trial were granted that he would be in attendance at it . . . Even though Mr. Cash's testimony would have leaned towards the defendant's theory as to how the accident occurred it would only have been corroborative of the testimony of the driver and there would be no reasonable assurance that his testimony, if heard at a retrial, would change the result."

This Court has frequently held that the granting of a continuance rests in the discretion of the trial judge and that the action will not be reversed unless it is clear the exercised discretion has been abused. *Anderson v. Guerrein*, 346 Pa. 80.

A review of the record fails to convince us that the court below committed an abuse of discretion in refusing the continuance so inadequately requested.

The defendant also asks for a new trial on the ground that the verdicts of $20,000 each to George Carey and Charles Lambert were excessive. George Carey suffered a cerebral concussion, a collapsed left lung, two fractured ribs on the right side, compression fractures of the second, third, and fourth dorsal vertebrae, and a partial loss of hearing. Charles Lambert sustained fractures of the right and left wrists as well

as wedged compression fractures of the first lumbar and twelfth thoracic vertebrae of the lower spine. Both men were hospitalized, both underwent long periods of pain, and both still suffer from the effects of their injuries. They also continue to need medical care and treatment. We do not find that the verdicts were excessive.

Judgments affirmed.