368 A.2d 1292

**Henry W. WILLIAMSON**

v.

**PHILADELPHIA TRANSPORTATION COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided Dec. 15, 1976.

John Rogers Carroll, Philadelphia, for appellant.

Arnold H. Winicov, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant raises three contentions: 1) the lower court erred in refusing to grant a continuance so that a bench warrant could be executed and a material witness produced, 2) the lower court erred in refusing to allow the introduction into evidence of a deposition of that witness, and 3) the lower court erroneously excluded the testimony of a police officer concerning the declarations of two ladies who may have witnessed the accident which gave rise to this litigation. We reject these conditions and affirm.

On September 11, 1968, appellee filed a complaint in trespass alleging that a bus operated negligently by an employee of the Philadelphia Transportation Co. (hereinafter SEPTA) struck appellee, pedestrian, on July 7, 1968. On February 7, 1969, appellee deposed Leroy Barber, an employee of SEPTA and allegedly the driver of the bus involved in the accident. On March 5, 1975, ap-

pellant served a subpoena on Barber, no longer a SEPTA employee, requiring that he appear as a witness for appellant on March 13, 1975. Trial started before a judge sitting without a jury on March 12. Appellee presented his case on the issue of liability and appellant countered with one witness, a police officer. On March 13, Barber did not appear in court. Appellant requested a continuance to secure Barber's presence, and the court granted a one day recess. On March 14, the witness again did not appear. At this point, appellant asked that the lower court issue a bench warrant for the witness. Appellant also requested that a transcript of Barber's deposition be introduced into evidence. The court issued the bench warrant. Appellee then presented his case on the issue of damages; appellant cross-examined appellee's witnesses, but did not call any witnesses. At the end of this testimony, the court granted a continuance until March 20, the return date of the warrant. The lower court did not rule on appellant's request that Barber's deposition be introduced into evidence.

On March 20, 1975, Barber again did not appear in court. A deputy sheriff testified that he had visited Barber's house earlier that morning. While inside the house, the deputy sheriff received a telephone call from Barber telling the deputy to leave his house. Barber refused to divulge his location. Appellant requested another continuance, but the court refused, stating that, "the case is closed so far as testimony is concerned." Appellant did not renew its request that the deposition be introduced.

On March 27, 1975, Barber was arrested and brought before the court for contempt proceedings. The court discharged Barber on April 1, 1975. On April 4, the lower court determined that appellant was liable to appellee in the amount of $27,500 damages. After the lower court denied appellant's exceptions, it entered judgment on April 27, 1976. This appeal followed.

496

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■ Appellant first contends that the lower court erred in refusing to grant a continuance on March 20, 1975, so that the bench warrant could be executed and Barber's testimony secured. In *Carey v. Philadelphia Transportation Co.*, 428 Pa. 321, 324, 237 A.2d 233, 235 (1968), the Supreme Court enunciated the controlling legal principles on this issue: ". . . while it is the policy of the law that the parties to an action have the benefit of the personal attendance of material witnesses wherever reasonably practicable, it necessarily lies within the discretion of the trial court to determine, in the light of all the circumstances of each case, whether or not a cause before it should be continued on the ground of absence of material witnesses. Such a continuance will be granted only where it is shown that their expected testimony is competent and material, and not merely cumulative or impeaching; that it is credible and would probably affect the result, that it probably can be obtained at a future trial, and that due diligence has been exercised to secure it for the trial, including efforts to subpoena the absent witnesses and to take their depositions." The Supreme Court also required that the party seeking a continuance must specify what testimony the missing witness would offer. "A duty, therefore, devolves upon counsel seeking a continuance to show that the missing testimony, if accepted, will bring about a result different from the one already rendered." 428 Pa. at 325, 237 A.2d at 235.

In the case at bar, appellant did not make an offer of proof as to the substance of Barber's expected testimony. Without this offer of proof, we cannot say that Barber's testimony would have been favorable to appellant or that it would probably have affected the result reached by the lower court. Moreover, we note that appellant's pleas did not fall upon totally deaf ears. The lower court did grant a one day recess and a six day continuance so that appellant could secure Barber's attendance at trial. For these reasons, we hold that the lower court did not abuse

its discretion in refusing to grant a third continuance on March 20, 1975.[1]

■ Appellant next contends that the lower court erred in not admitting Barber's deposition into evidence. Rule 4020 Pa.R.C.P.; 42 Pa.C.S. Rule 4020, governs the use of depositions at trial. Rule 4020(a)(3) provides, in pertinent part: "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena, . . ." if the lower court finds that the requirements of Rule 4020 have been satisfied, it *must* admit the deposition. *Kuntz v. Firth,* 216 Pa.Super. 155, 264 A.2d 432 (1970).

In the case presently before us, appellant's attorney made two requests on March 14, 1975. First, he asked that the lower court issue a bench warrant and grant a continuance. Second, he asked that the lower court admit Barber's deposition into evidence. Appellant's first

---

1. Because of this disposition, we need not consider appellee's argument that Rule 216(D), Pa.R.C.P.; 42 Pa.C.S. Rule 216(D), prohibited the granting of any continuances in this case. Rule 216(D) provides:

"No continuance shall be granted due to the absence from court of a witness duly subpoenaed, unless:

"(1) Such witness will be absent because of facts arising subsequent to the service of the subpoena and which would be a proper ground for continuance under the provisions of Rule 216(A); or

"(2) On the day when the presence of such witness is required a prompt application is made for the attachment of such absent witness; or

"(3) The witness, having attended at court has departed without leave, and an application for attachment is made promptly after the discovery of the absence of such witness; or the court is satisfied that the witness has left court for reasons which would be proper ground for continuance under Rule 216(A)."

Appellee argues that appellant failed to make a prompt application for the attachment of the absent witness pursuant to Rule 216(D)(2). We do not intimate any opinion as to whether appellant's March 14 application was "prompt" within the meaning of Rule 216(D).

request indicates that it still hoped to procure Barber's attendance at trial and would make every effort to do so. The lower court issued the bench warrant and granted the continuance, thus giving appellant another opportunity to obtain Barber's attendance. As of March 14, 1975, neither appellant nor the trial court were willing to concede that Barber could not be produced at trial. Therefore, it would have been inappropriate to allow Barber's deposition into evidence when there was still a possibility that he might personally testify.

On March 20, 1975, the lower court refused to grant another continuance so that appellant could make additional efforts to bring Barber into the courtroom. At this time, it became clear that appellant could not procure the attendance of the witness by subpoena. Appellant had finally fulfilled the preconditions imposed by Rule 4020 before a deposition could be introduced into evidence. However, on March 20, 1975, appellant did not renew its request that Barber's deposition be introduced into evidence. It thereby deprived the trial court of the opportunity to adhere to Rule 4020. Therefore, we hold that appellant waived its right to present the deposition transcript into evidence. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Finally, appellant contends that the lower court erroneously excluded testimony of a police officer concerning the declarations of two female bystanders at the scene of the accident. Appellant offered the testimony of a police officer who stated that he had observed a SEPTA bus discharge two female passengers at the northeast corner of Haverford Avenue and 38th Street on July 7, 1968, and then proceed west on Haverford Avenue. The officer also observed three males standing on the northeast corner. The officer then testified as follows: "I then observed the two females and the males that were on the corner standing in one location at or near the curb. I then paid no more attention. I put my head down. The next thing I knew, a man approached my car on the driv-

ers' side and he leaned in my car, he spoke to me with a slurred speech. I didn't understand what he was saying but he was pointing across the street. At that time I looked, I seen a man lying on the highway. I got out of my vehicle, ran over, observed a male lying on the highway. The females that had got off the bus stated to me that he had . . ." Appellee objected, and the lower court sustained his objection. The police officer then testified that he had attempted, unsuccessfully, to obtain the identification of the two females. After this testimony, appellant again asked that the lower court admit the officer's testimony as to the declarations of the two females. The court again sustained appellee's objection.

Appellee does not dispute that the statements of the two female bystanders are hearsay declarations. The statements were made out of court and were offered to prove the truth of the matter asserted in the statements. McCormick, *Evidence,* § 246 (2nd Ed. 1972). However, appellant contends that the statements were "excited utterances," a recognized branch of the *"res gestae"* exception to the hearsay rule. See *Cody v. S.K.F. Industries,* 447 Pa. 558, 291 A.2d 772 (1972) ; *Campbell v. Gladden,* 383 Pa. 144, 118 A.2d 133 (1955); *Lininger v. Kromer,* 238 Pa.Super. 259, 358 A.2d 89 (1976) ; *Thompson v. City of Philadelphia,* 222 Pa.Super. 417, 294 A.2d 826 (1972) ; McCormick, *Evidence,* § 288 (2nd Ed. 1972).

■■ In *Allen v. Mack,* 345 Pa. 407, 410, 28 A.2d 783, 784 (1942), the Supreme Court defined the *"res gestae"* exception to the hearsay rule : "A res gestae declararation may be defined as a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its

having emanated in whole or in part from his reflective faculties." In *Commonwealth v. Coleman,* 458 Pa. 112, 115–16, 326 A.2d 387, 389 (1974), the Supreme Court stated that: *"res gestae* statements as defined by this Court in *Allen v. Mack* partake of the characteristics of excited utterances." The Supreme Court has also required that the party seeking to invoke the "excited utterance" branch of the *"res gestae"* exception demonstrate that the declarant has actually witnessed the event to which his statements relate. Moreover, the party seeking admission may not rely solely on the declarant's statement that he witnessed the event; "it is incumbent upon the party seeking its admission to persuasively and convincingly demonstrate by the use of *other corroborating evidence* that the declarant actually viewed the event of which he speaks." *Carney v. Pennsylvania R.R. Co.,* 428 Pa. 489, 496, 240 A.2d 71, 75 (1968) (Emphasis in original).

In the instant case, appellant did not make an offer of proof as to what the two female bystanders actually stated to the police officer. Appellant did not establish that the two declarants actually saw the accident or that their statements related to the litigated event. Because we do not know the substance of their statements, we cannot determine if the lower court erred in excluding the disputed testimony. Appellant, therefore, failed to show that the statements of the two female bystanders satisfied the requirements of *Allen v. Mack,* supra, and *Carney v. Pennsylvania R.R. Co.,* supra. We hold that the lower court did not err in refusing to admit testimony as to the purported "excited utterances."

Judgment affirmed.

PRICE, J., dissents.