In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1023, Section 13, Deed Book 509, Page 302, Claim No. 3702545.

Richard E. Whittaker and Carolyn G. Whittaker, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued May 11, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*William R. Balph, Jr.,* with him *Chambers, Nicolls, Balph & Paul,* for appellants.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 28, 1979:

In July 1965, Richard E. Whittaker and Carolyn G. Whittaker (condemnees) acquired a 109-acre tract of land in Neshannock Township, Lawrence County, Pennsylvania. The easterly portion of the tract, consisting of approximately 34 acres, was a level plateau and was zoned for residential use. The westerly portion of the tract, comprising approximately 75 acres, was zoned industrial and steeply descended to the Shenango River.

On October 22, 1969, the Commonwealth of Pennsylvania filed a declaration of taking, involving slightly in excess of 14 acres, for highway purposes, and the land condemned was located near the center of the plateau portion of condemnees' property.

A board of viewers was appointed, and it made an award of damages to the condemnees in the sum of $90,000. The Commonwealth appealed from this award to the Court of Common Pleas of Lawrence County and, after trial, a jury returned a verdict for damages relative to the property condemned in the amount of $10,400. Following denial of a motion for a new trial, the condemnees filed a timely appeal to this Court.

Our scope of review is limited in an appeal from a motion for a new trial. A motion for a new trial is addressed to the discretion of the trial court, based on the circumstances of the particular case, and the court's ruling in granting or refusing such a motion

will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Gallo v. Redevelopment Authority of Sharon*, 19 Pa. Commonwealth Ct. 71, 339 A.2d 165 (1975).

On appeal here, the condemnees assert four reasons why the trial court should be reversed:

First, the trial court abused its discretion in refusing to grant a continuance of the trial because inclement weather prevented an adequate view. It is condemnees' contention that the deep snow at the time of the jury view prevented the jury from adequately viewing the condemnees' property, thereby prejudicing their case.

The decision to grant or refuse a continuance is an inherent power of a trial court and is a discretionary matter. The exercise of such discretion will not be overturned, except upon a clear showing of an abuse of discretion. *Carey v. Philadelphia Transportation Co.*, 428 Pa. 321, 237 A.2d 233 (1968). The trial court fairly summarized the basis for his refusal in the instant case as follows:

Here, the jury was afforded a view and this view cannot be considered inadequate despite the less than ideal weather conditions. The jury's view of plaintiff's property was comprehensive. The bus drove through the Kings Manor Plan which is immediately adjacent to plaintiff's land. From there, the jury was able to see the entire plot of land severed by the highway. The bus then stopped on the other side of the highway, and the jury alighted and viewed the entire plateau area. Finally, the entire property was viewed as the bus traveled the township road immediately adjoining the tract. Given this complete view and the lack of a specific allegation or proof of inadequacy by plaintiff during trial, there is nothing to sug-

gest that the view was in any way inadequate or that plaintiff was prejudiced by refusal of the motion for continuance.

A review of this record fails to convince us that the trial court committed an abuse of discretion in refusing the continuance sought by the condemnees.

Second, the trial court erred in admitting into evidence the purchase price paid by the condemnees for their property.

Condemnees purchased the property in July of 1965 for $15,000. The declaration of taking was filed on October 22, 1969. In *Brown v. Redevelopment Authority of Harrisburg*, 35 Pa. Commonwealth Ct. 415, 386 A.2d 1052 (1978), we had the opportunity to consider the factors relevant in determining the admissibility of evidence regarding the purchase price of condemned property. We stated in our opinion in that case the following:

> In exercising his discretion in this area, the trial judge should start with the premise that the condemnee's purchase price or other indication of value by him, as logically relevant evidence, should be admitted. However, he must determine whether the probative value of this evidence is outweighed by other factors which would confuse the issue by unduly distracting the jury from its primary inquiry as to the *present* value of the property. Factors to be considered are: (1) the circumstances of the sale or other occurrence involved, *e.g.*, whether it covered the same property, whether it was a voluntary one between a willing and informed seller and buyer, or whether it was made with condemnation in mind; (2) whether it was remote in time from the date of condemnation; (3) what changes had occurred in real estate values in the area or in the general character

of the neighborhood in the interim; and (4) what changes had occurred in the subject property. As to (3) and (4), these factors should generally be considered as going to the weight of the evidence, not to its admissibility. The condemnee will generally be able to sufficiently explain the effect of such changes, particularly those relating only to the subject property, once the evidence has been admitted. Nonetheless, if the changes have been extensive, the trial judge may, in his discretion, exclude the evidence to avoid confusion and the distraction of the jury to collateral issues. (Emphasis in original.)

35 Pa. Commonwealth Ct. at 428, 386 A.2d at 1058.

Although the time interval between purchase and condemnation in *Brown* was 3 years and 9 months, nearly identical to the time interval here, we cannot find in this record such factors or changes in real estate values in the area or in the general character of the neighborhood in the interim or in the subject property to allow us to reach the conclusion that the trial judge manifestly abused his discretion by admitting into evidence the purchase price of condemnees' property.

Next, it is contended that the verdict was inadequate and against the weight of the evidence.

The jury in this case was presented divergent expert opinion as to the highest and best use for which the property could be utilized. The Commonwealth presented a witness who testified that the highest and best use of the property was agricultural, with the potential residential development of the plateau area, and that the difference in the fair market value of the property before and after the condemnation was $10,400. The condemnees' expert was of the opinion that the highest and best use of the property was for

residential and industrial use and that condemnees' property had loss value due to the condemnation in the amount of $52,000. One of the condemnees, Richard E. Whittaker, testified that the difference in the fair market value of the property before and after the condemnation was $115,000.

Disparity in valuation between experts and between experts and the property owner is properly for the jury's determination. *Morrissey v. Department of Highways*, 440 Pa. 71, 269 A.2d 866 (1970). The trial court may not grant a new trial solely because of such disparity. *St. Clair Cemetery Association v. Commonwealth*, 390 Pa. 405, 136 A.2d 85 (1957). As our Supreme Court wrote in *Stoner v. Metropolitan Edison Co.*, 439 Pa. 333, 336-37, 266 A.2d 718, 721 (1970):

> Our holdings in this regard are grounded upon the nature of the jury trial in a condemnation action. The jury trial provided by . . . the Code . . . is a *de novo* proceeding. . . . Accordingly, the parties may present a case at trial which deviates considerably from that put before the Board of Viewers. Undue attention on appeal to the magnitude of the viewers' award would effectively deprive the dissatisfied condemnee of his statutory right to a jury determination of damages. . . . Rather than resting upon a comparison between the viewers' award and the jury verdict, our decision as to whether a new trial is called for requires a review of the testimony presented at trial to determine whether the jury verdict was excessive. (Citations omitted.)

In determining the facts, the jury has the right to believe all, some of, or none of, the experts' testimony. The disparity in the figures of the opinion evidence calls for the exercise of common sense on the

part of the jury, and its verdict should not be disturbed if based upon a view and all of the testimony.

The trial court's determination was that the verdict was not inadequate and was supported by competent credible evidence, and we cannot, after an independent examination of the record, conclude that the trial court was guilty of a manifest abuse of discretion in making such a determination.

Lastly, condemnees assert that the trial court erred by admitting into evidence comparable sales upon which the Commonwealth's expert witness relied in arriving at his valuation opinion. Although Section 705(2)(i) of the Eminent Domain Code (Code), Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended*, 26 P.S. §1-705(2)(i), provides that a valuation expert may testify as to the sale of comparable properties, the trial court must decide initially whether the sale is judicially comparable. The Code does not set forth specific criteria to determine what is judicially comparable except to restrict evidence to comparable properties sold within a reasonable time before or after the date of condemnation. The trial judge here determined that the comparable sales referred to by the Commonwealth's expert witness were judicially comparable, and we do not find this determination to be a manifest abuse of discretion. *See Gottus v. Allegheny County Redevelopment Authority*, 425 Pa. 584, 229 A.2d 869 (1967).

Here the comparable properties were relevant. One comparable is a 157-acre tract located one-half mile north of condemnees' property and sold in 1967 for $26,000. Like condemnees' property, this tract is zoned R-1 residential and industrial. A second comparable is a 136-acre tract located four miles from condemnees' property and sold in 1968 for $28,500. This property is generally level, and at the time of the jury trial it was not being farmed to its full po-

268

tential. A third comparable is a 121-acre tract with 84 tillable acres and 14½ acres in pasture and sold in 1966 for $30,000, with a comparability as to terrain of the properties. Therefore, we reject the condemnees' contention that the comparables used by the Commonwealth's expert witness were not judicially comparable.

Order affirmed.

ORDER

AND Now, this 28th day of August, 1979, the order of the Court of Common Pleas of Lawrence County, denying the motion for a new trial by Richard E. Whittaker and Carolyn G. Whittaker, is hereby affirmed.