496 A.2d 762

BESSEMER STORES, INC., a Pennsylvania Corporation, Nell A. Mussano, individually, and Nell A. Mussano, as Executrix of the Estate of Alex Mussano, Deceased, Appellants,

v.

REED SHAW STENHOUSE, INC., a/k/a Reed Shaw-House, Inc. of Pennsylvania a/k/a Reed Stenhouse, Inc., a/k/a Reed Stenhouse, a Pennsylvania Corporation, and Albert F. Daschbach, an Individual.

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed June 14, 1985.

Reargument Denied Aug. 26, 1985.

John W. Murtagh, Jr., Pittsburgh, for appellants.

Alison G. Rena, Pittsburgh, for appellees.

Before OLSZEWSKI, HESTER and SHIOMOS, JJ.*

PER CURIAM:

This is an appeal from judgment entered in favor of appellees after a jury trial on a complaint in trespass and assumpsit. Post-trial motions were timely filed and denied.

The trial court is charged with three errors in the proceedings below. Two counts of error concern evidentiary rulings, and one attacks the trial judge's charge to the jury. Prior to discussing these issues in detail, it is necessary to elaborate upon the factual background of this case.

Appellants, Nell and Alex Mussano, operated a small general store, Bessemer Stores, Inc., on the site of Republic Steel Corporation's # 2 Mine in Russelton, Pennsylvania.[1] The store was housed in a frame building leased by the Mussanos from Republic Steel Corporation for a small annual rental. In exchange for this agreement, the Mussanos were required to maintain the building and to acquire insurance coverage. To that end, the Mussanos consulted with Albert Daschbach, an agent of appellee Reed Stenhouse, Inc., (hereafter Reed Stenhouse) until his death in 1981. Through him, the Mussanos purchased numerous insurance policies, including two fire insurance policies each valued at $17,500 on the building itself. In March of 1979, while these policies were in effect, the building was destroyed by fire.

In a letter dated September 11, 1979, the insurance companies denied coverage on the basis that the Mussanos did not have an insurable interest in the property. In February of 1981, the Mussanos instituted the within action against the brokerage firm, Reed Stenhouse, alleging negligence in the procurement of coverage of appellants' interest.[2] Ap-

---

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. Alex Mussano died during the pendency of this case, and is now represented by Nell Mussano as Executrix of his Estate.

2. Mr. Daschbach was an original defendant, but was later dropped by mutual consent of the parties.

pellants' theory of their case was that no insurable interest existed and that appellee was negligent in providing the fire insurance coverage carried by appellants. At trial, appellee contended that appellants did possess an insurable interest, were properly insured through the efforts of appellee's agents, and that the insurance carriers wrongfully denied coverage. As stated above, a jury rendered a verdict in favor of appellee in December of 1982.

In appellants' first issue, they argue that the lower court erred by refusing to admit into evidence appellee's admission in its original answer that it did not insure appellant's leasehold interest. In addition, appellants allege error in the trial court's decision to similarly exclude an admission by one of appellee's agents that Reed Stenhouse did not and could not have insured appellants' interest by the policies which were issued.

Appellants sought to introduce these statements as admissions of fact to refute appellee's position at trial that it had properly insured the premises and that it was the carrier who wrongfully denied coverage. The trial court decided that the statements were conclusions of law representing the legal theory of the defense and, as such, were inadmissible to prove the existence of an insurable interest.[3]

Few appellate decisions discuss the distinction between averments of fact and conclusions of law in pleadings. An older Supreme Court opinion has become the polestar for those seeking guidance in this area. In *Srednick v. Sylak*, 343 Pa. 486, 492–493, 23 A.2d 333, 337 (1941), that Court opined:

> Whether an allegation is of fact or law is determined by the context disclosing the circumstances and purpose of the allegation. In perhaps the broad sense, the statement that a party is liable to another is a statement of fact, but the same words are in general use as a statement of law,

---

**3.** The trial judge conceded that appellee's subsequent shift of position on this issue did render the statements admissible for purposes of impeachment.

and when intended to be so used the statement may not be treated as an admission of fact.

*See also Kappe Associates, Inc. v. Aetna Casualty & Surety Co.,* 234 Pa.Super. 627, 341 A.2d 516 (1975).

■ Viewing appellee's pleading in the context of the circumstances and purposes of the allegation, we must conclude that the lower court correctly characterized it as a conclusion of law. Appellee's answer states in pertinent part;

9. It would not have been possible for the [Appellees] to have recommended to the [Appellants] that they place fire insurance upon the structure absent a representation by the [Appellants] that they were the owners thereof or had an insurable interest thereon.

10. The [Appellants] as tenants, had no insurable interest with regard to the structure of the buildings and, therefore, the [Appellees] could not have obtained insurance coverage giving the [Appellants] any benefit from a fire loss to the structure.[4]

The clear context and purpose of appellee's allegations and statements in its answer was an attempt to establish that appellants misrepresented their interest in the subject property, and that if appellee had been accurately informed of appellants' actual interests, then no insurance could have been procured. In the context of this answer, the statements clearly constitute a legal defense and, as such, must be considered conclusions of law.

■ Similarly, the portions of the deposition of Marion Kolasa which appellants sought to admit into evidence constituted conclusions of law and were appropriately ruled inadmissible.

Appellants next assert that the independent insurance adjuster whom they hired to investigate the fire improperly offered opinion testimony. Mr. Dale Merow testified for

**4.** Portions of answers numbered 8, 12, and 14 also contained similar language as that cited above and were similarly ruled to be inadmissible as stating conclusions of law.

the defense that he advised appellants that they had an insurable interest and, after unsuccessful attempts to reach a settlement with the insurance companies, instructed appellants to retain an attorney.

Appellants argue that Merow's opinion as to the existence of an insurable interest was either expert testimony as to a fact question for the jury or was testimony of a lay witness setting forth an opinion. In either case, appellants argue the testimony adduced at trial and admitted into evidence was improper and constituted an abuse of discretion by the trial judge. We find merit to this argument and believe the introduction of this evidence constitutes reversible error.

 In order for a ruling on evidence to constitute reversible error, it "must be shown not only to have been erroneous, but harmful to the party complaining." *Whitman v. Riddell*, 324 Pa.Super. 177, 180, 471 A.2d 521, 522 (1984), citing *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965). Consequently, appellants must prove that it was error to admit the challenged evidence and that they were prejudiced thereby. *Id.* *See also Furey v. Thomas Jefferson Hospital*, 325 Pa.Super. 212, 472 A.2d 1083 (1984). If such is the case, then we must conclude that the trial court abused its discretion in admitting the evidence. *Lewis v. Mellor*, 259 Pa.Super. 509, 515, 393 A.2d 941, 944 (1978). When improperly admitted testimony may have affected a verdict, the only correct remedy is the grant of a new trial. *Mapp v. Dube*, 330 Pa.Super. 284, 292, 479 A.2d 553, 555 (1984).

 Initially, we must note that the underlying question of whether appellant had an insurable interest in the property involved is clearly established to be one of fact for a jury to decide. *Campbell v. Royal Indem. Co. of New York*, 256 Pa.Super. 312, 315, 389 A.2d 1139, 1141 (1978). Neil Merow testified "It was my opinion that they had—it was my opinion they had some insurable interest and that's why I proceeded in sending letters to the insurance companies or their adjustors to try to point out these various issues in an effort to convince them that they should make a payment."

■ Opinion evidence can be offered, in certain instances, by either a lay witness or an expert witness. A lay witness may express an opinion if it is based upon his own perceptions and helpful to a clear understanding of his testimony or the determination of a fact in issue. *Lewis v. Mellor, supra,* 259 Pa.Super. at 518, 393 A.2d at 946. An expert witness may render an opinion on any subject which is "so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman." *Camp Const. Corp. v. Lumber Products Co.,* 311 Pa.Super. 381, 387, 457 A.2d 937, 940 (1983), quoting *Commonwealth ex rel. M.B. v. L.D.B.,* 295 Pa.Super. 1, 10–11, 440 A.2d 1192, 1197 (1982). Moreover, the expert must possess sufficient skill, knowledge, or experience in that field so that his opinion would most likely aid the trier in the search for truth. *Id.*

Against this framework, we must categorize the testimony of Neil Merow. Appellee contends that Mr. Merow testified as a fact witness concerning his investigation, his communications with the insurance companies and the advice he rendered to appellants. The trial judge adopted this position in his opinion and observed that the evidence was admitted for the limited purpose of proving that a claim had been made to the insurance companies. Indeed, the record reveals such instruction to the jury immediately following Mr. Merow's testimony.

Nevertheless, we believe its introduction into evidence was error. Regardless of the characterization by the trial judge or by appellee, Mr. Merow quite clearly voiced his opinion on an issue of fact which rested within the sole domain of the jury. In fact, in appellee's offer of proof, it conceded that he would be called "to some extent as an expert witness," and that he would offer "his opinion as to the existence of an insurable interest in the Mussanos."

■ Since Mr. Merow's testimony included an opinion, the admissibility of that evidence must be measured against the above-cited standards pertaining to lay or expert opinions. Opinion evidence, whether of experts or lay witness-

es, is judicially disclaimed when it goes to the "ultimate issue." *Lewis v. Mellor, supra.* The rationale for this bar is that such an opinion impermissibly invades the province of the jury and usurps its fact-finding function. *Taylor v. Fardink,* 231 Pa.Super. 259, 331 A.2d 797 (1974). Although the admission of an opinion on an ultimate issue of fact does not constitute error *per se, Lewis v. Mellor, supra,* if its admission would confuse, mislead, or prejudice the jury, it should be excluded. *Camp Const. Corp. v. Lumber Products Co., supra.*

Mr. Merow's testimony was necessary to establish that a claim had been submitted to the insurance companies, particularly since appellee's defense was one of wrongful denial of claim by those parties. However, his opinion testimony concerning the insurable interest issue was clearly prejudicial, and, as the sole evidence introduced by appellee, could well have been the basic factor influencing the jury's determination of the ultimate question. Accordingly, we reverse and remand for a new trial.[5]

Reversed and remanded for a new trial. Jurisdiction is not retained.

---

5. Issue number three, relating to the lower court's charge to the jury, cannot be asserted meritoriously, and does not warrant further discussion.