**Oravic v. Sprigg (No. 2)**

C.P. of Cumberland County, no. 793 Civil 1993.

*Timothy Shollenberger,* for plaintiff.
*Michael Pipa,* for defendant.

HESS, *J.,* September 19, 1996—This matter is before us on plaintiff's motion for post-trial relief following a jury verdict against the plaintiff on May 21, 1996. Plaintiff, Jeffrey R. Oravic, instituted this action as a result of a motor vehicle collision which occurred on January 26, 1992. At the time of the collision, plaintiff was insured under a policy issued by Metropolitan Insurance Company. The policy was originally issued on June 6, 1990. On June 1, 1991 plaintiff signed a "notice to named insured," waiver form, purportedly selecting the limited tort option, as opposed to the full tort option. The notice did not contain the statutorily mandated cost comparison of limited and full tort coverage. This notice is required by section 1705 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1705.

The issue of the defective waiver form was first raised in a motion for summary judgment on February 3, 1994. This court denied the motion on an order. On May 20, 1996, the morning of the trial of the case, plaintiff made a motion to amend his complaint to include facts

supporting a claim for full tort coverage. This motion was made in response to our observation that the matter of a defective waiver appeared nowhere in the pleadings. After argument, we denied the motion to amend and opined that plaintiff's action, given the state of the pleadings, was governed by limited tort coverage.[1] After two days of testimony, the jury was asked to answer two questions: (1) was the defendant's negligence a substantial factor in causing injury to the plaintiff; and (2) did the plaintiff suffer a serious injury? The jury answered the first question affirmatively, but decided that the injury was not serious. Thus, there was no recovery.

The plaintiff presents three arguments supporting post-trial relief. First, he contends that the evidence was insufficient to support the jury's verdict. Second, he argues that this court erred in ruling that his expert witness, Dr. Ronald Lippe M.D., could not express an opinion on whether Mr. Oravic's injury was serious as a matter of law. Finally, he contends that this court erred by denying his motion to amend the complaint. We disagree with the first two arguments, but agree with the third.

Addressing the plaintiff's first contention, a new trial should be granted only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Neison v. Hines*, 539 Pa. 516, 653 A.2d 634 (1995). The jury

---

1. Generally, the option which covers a motor vehicle accident victim depends on the election between limited tort versus full tort, made by the named insured. Under the limited tort option, the plaintiff is precluded from recovering for pain and suffering or other non-monetary damages unless she or he has suffered a "serious impairment of bodily function," or one of the other statutory exceptions applies. 75 Pa.C.S. §1705.

4

in this case was asked to decide whether Mr. Oravic's injury was serious:

"In determining whether [an] impairment [is] serious, several factors should be considered: the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. . . . The consequences of the injury must involve a serious impact for an extended period of time on a plaintiff's life. . . . It must interfere substantially with the plaintiff's normal activities and not impose only a mild or slight limitation." *Dodson v. Elvey,* 445 Pa. Super. 479, 499, 665 A.2d 1223, 1233-34 (1995). (citations omitted)

The jury's conclusion, based on these factors, does not shock our sense of justice. There was evidence that, among other things, the plaintiff was not prevented from performing any of the normal activities of daily life, and was able to play softball, drive a motorcycle, move his belongings across the country and travel. Furthermore, he was only immobilized from the accident for a short period of time and no evidence established conclusively that an impairment would develop in the future.

In response to the plaintiff's second contention, it is well established that the trial court has a broad grant of discretion with regard to expert testimony. *Whistler Sportswear Inc. v. Rullo,* 289 Pa. Super. 230, 433 A.2d 40 (1981). Furthermore, in Pennsylvania, it is now agreed that an expert opinion as to an ultimate issue in a case should be excluded if it would mislead, confuse or prejudice the jury. *Bessemer Stores Inc. v. Reed Shaw Stenhouse Inc.,* 344 Pa. Super. 218, 496 A.2d 762 (1985). The plaintiff argues that Dr. Lippe should have been allowed to state his opinion on whether Mr. Oravic's

injury was serious according to the standard set forth in *Dodson, supra.* The way in which the suspect questions were phrased, the doctor was asked to express an opinion not only about Mr. Oravic's injury but about the substance of a judicial holding. In other words, the opinion elicited was not only with regard to the extent of injury but whether, as a *legal* matter, it met the required threshold. We are satisfied that eliciting this opinion from a medical witness was prejudicial to the defense. We continue to be satisfied that the exclusion of this opinion testimony was not error.

We will grant the plaintiff's requested relief based on his third argument. We originally denied plaintiff's motion to amend his complaint because it came on the morning of the trial and we felt that such a late amendment would be extremely prejudicial to the defendant. Upon further consideration, however, we believe the motion should have been granted. In Pennsylvania, the trial court should liberally allow amendments to the pleadings so as to permit cases to be decided on the merits, unless the amendment will cause unfair surprise or prejudice the opposing party. *Sejpal v. Corson, Mitchell, Tomhave & McKinley M.D.'S. Inc.,* 445 Pa. Super. 427, 665 A.2d 1198 (1995). Despite the lateness of the motion, it is now apparent to us that the new facts in the plaintiff's proposed amended complaint were not a surprise to the defendant. The defendant, if he did not know earlier, was made aware of the defective waiver form in plaintiff's February 3, 1994 motion for summary judgment, more than two years prior to trial. Furthermore, the defendant even developed a full argument in response to the claim of defective waiver in his May 17, 1996 memorandum in response to plaintiff's motion in limine. We also feel that the issue raised in the proposed amended com-

plaint will allow a more fair resolution of this case. Therefore, we now grant the plaintiff a new trial at least for the determination of whether the full tort waiver form is valid.

## ORDER

And now, September 19, 1996, for the foregoing reasons, the post-trial motion of the plaintiff in the nature of a motion for a new trial is granted.