Samuel M. ROMEO, Executor of the Estate of Samuel M. Romeo, Sr., and Rita Romeo, Wife of Samuel M. Romeo, Sr., Deceased, Appellants,

v.

Lauriano MANUEL, M.D., Berwick Hospital, Kenneth M. Baker, M.D., Geisinger Medical Center, and Geisinger Clinic, Ltd., Appellees.

Superior Court of Pennsylvania.

Argued Oct. 14, 1997.

Filed Nov. 25, 1997.

Robert Vesely, Williamsport, for appellants.

Charles E. Wasilefski, Harrisburg, for Manuel and Berwick Hospital, appellees.

Joseph P. Hafer, Harrisburg, for Baker, Geisinger Medical Center and Geisinger Clinic, appellees.

Before CIRILLO, President Judge Emeritus, and SAYLOR * and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal of a judgment entered upon a jury verdict in a medical malpractice action finding appellees Dr. Kenneth M. Baker and Dr. Lauriano Manuel not negligent.

Samuel M. Romeo, Sr. experienced cardiac difficulties for many years and was cared for by Dr. Manuel. On Dr. Manuel's recommendation, Romeo visited Dr. Baker on August

---

* Saylor, J., did not participate in the consideration or disposition of this case.

13, 1991, regarding a cardiac catheterization. According to Dr. Baker's testimony, Romeo adamantly refused to undergo this invasive procedure. As an alternative, Dr. Baker prescribed enhanced medical management.

On September 23, 1991, Romeo experienced chest pain. He went to work the next morning and had his daughter call the doctor's office regarding his condition. His daughter called Dr. Baker's office and told a secretary of her father's difficulties. After visiting Dr. Manuel during a prearranged appointment, Romeo went home, and following dinner, suffered a fatal cardiac episode.

Following testimony, the jury responded to specific interrogatories finding that neither Dr. Baker nor Dr. Manuel were negligent. Appellant, Estate of Romeo, filed and argued a motion for post-trial relief. The lower court denied this motion and affirmed the jury verdict in favor of appellees. Appellant claims that the trial court erred in denying a new trial based upon: 1) the admission of testimony regarding "two schools of thought" of medical treatment, 2) the exclusion of testimony by Romeo's wife, and 3) the exclusion of notes made by Romeo's daughter.

■ For this Court to find that the lower court's evidentiary rulings constituted reversible error, such rulings must not only have been erroneous but must also have been harmful to the complaining party. *Bessemer Stores, Inc. v. Reed Shaw Stenhouse, Inc.,* 344 Pa.Super. 218, 224, 496 A.2d 762, 765 (1985). Appellant must therefore show error in the evidentiary ruling and resulting prejudice, thus constituting an abuse of discretion by the lower court. *See id.* Based on such showing, this Court's only remedy is to grant a new trial. *See id.* In the instant case, however, appellant has failed to show that the evidentiary rulings of the lower court were erroneous.

First, appellant contends that the lower court improperly admitted testimony regarding "two schools of thought" as to appropriate medical treatment. Dr. Baker testified that he believed that cardiac catheterization was the best course to follow. Upon Romeo's refusal to undergo that procedure, Dr. Baker prescribed enhanced medical management. Dr. Baker testified that while he be-

lieves in cardiac catheterization, there was a second school of thought that considers enhanced medical management to be the best course of action. Appellee's expert witness also testified as to both schools of thought and that each was an appropriate and recognized course of action. Appellant, however, argues that the testimony regarding the enhanced medical management was irrelevant because Dr. Baker admitted not belonging to this school of thought. Appellant contends that the testimony should have been excluded because the jury should have determined whether Dr. Baker's course of care was negligent given the standard prescribed by the school of thought to which he belonged, namely, cardiac catheterization.

■ "Evidence is relevant if it tends to make a fact at issue more or less probable." *Martin v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983). Determinations of the relevancy of evidence are within the sound discretion of the trial court. *Sprague v. Walter,* 441 Pa.Super. 1, 36, 656 A.2d 890, 907, *allocatur denied,* 543 Pa. 695, 670 A.2d 142 (1996). Such rulings will not be overturned absent an abuse of discretion. *Henery v. Shadle,* 443 Pa.Super. 331, 341, 661 A.2d 439, 444, *allocatur denied,* 542 Pa. 670, 668 A.2d 1133 (1995).

■ Appellant's main contention in arguing Dr. Baker's negligence was Dr. Baker's failure to conduct a cardiac catheterization of Romeo. The proper standard of medical care was therefore a central issue at trial. Consequently, the acceptability of enhanced medical management, which was the course of action ultimately pursued due to Romeo's refusal to undergo catheterization, was an issue to be determined by the jury in deciding whether Dr. Baker was negligent. In *Jones v. Chidester,* 531 Pa. 31, 610 A.2d 964 (1992), the Pennsylvania Supreme Court held that the "two schools of thought doctrine" is a defense to malpractice because "a physician will not be held responsible if in the exercise of his judgment he followed a course of treatment advocated by a considerable number of recognized and respected professionals in his given area of expertise." *Id.* at 40, 610 A.2d at 969. Thus, the acceptability of the course

of action ultimately pursued is of extreme importance to the final determination of negligence. Therefore, the trial court was correct in ruling that the testimony regarding the second school of thought was relevant and admissible.

Next, appellant argues that the lower court erred in excluding testimony from decedent's wife regarding statements made by the decedent following his consultation with Dr. Baker. Appellant claims that after consulting with Dr. Baker, Romeo had a conversation with his wife wherein he stated that he was taking medication because the doctor told him to do so. Appellant argues that this testimony could show that Romeo was not adamantly opposed to the cardiac catheterization, as claimed by appellee Dr. Baker. Appellant contends that the testimony of Romeo's wife as to what her husband said was offered to show the decedent's state of mind and not for the truth of the matter asserted in the statements.

 "In order to preserve an objection to the exclusion of testimony the party seeking to have the testimony admitted must make an offer as to what the testimony is going to establish." *Watson v. Philadelphia*, 162 Pa.Cmwlth. 340, 346, 638 A.2d 489, 491 (1994). An appellate court cannot determine whether the proffered testimony was properly excluded without an offer of proof at trial. *Williamson v. Philadelphia Transp. Co.*, 244 Pa.Super. 492, 500, 368 A.2d 1292, 1296 (1976). Reviewing the record, we find that appellant never made an offer of proof as to the substance and purpose of that testimony to the trial court. Therefore, the admissibility of this testimony is not properly before this Court on appeal.

 Even if this Court ruled on whether the trial court erred in ruling the testimony of Romeo's wife was hearsay, we would still find that the testimony was properly excluded. Hearsay evidence is an out-of-court statement offered in court to prove the truth of the matter asserted. *E.g., Carney v. Pa. Railroad Co.*, 428 Pa. 489, 240 A.2d 71 (1968); *Baldino v. Castagna*, 308 Pa.Super. 506, 454 A.2d 1012 (1982), *rev'd on other grounds*, 505 Pa. 239, 478 A.2d 807 (1984). Out-of-court statements that are offered to prove the de-

clarant's state of mind, however, are not within the rule against the admission of hearsay evidence. *Commonwealth v. Wright*, 455 Pa. 480, 485, 317 A.2d 271, 274 (1974). Generally, the state of mind purpose is found when the statement by the declarant "indicates an existing intent or state of mind of the deceased-declarant," was made in a "natural manner," and was material and relevant. *Commonwealth v. Riggins*, 478 Pa. 222, 234, 386 A.2d 520, 526 (1978). Statements claiming to fall under the state of mind rule may be excluded, however, when the court determines that the testimony was actually offered "for its substantive effect of proving the truth of the matters asserted therein." *Spotts v. Reidell*, 345 Pa.Super. 37, 43, 497 A.2d 630, 634 (1985).

 Appellant relies extensively on the case of *Bonavitacola v. Cluver*, 422 Pa.Super. 556, 619 A.2d 1363, *allocatur denied*, 535 Pa. 652, 634 A.2d 216 (1993). In *Cluver*, decedent had a phone conversation with his dentist and related the contents of that conversation to his wife. Decedent told his wife that "Dr. Cluver will not renew the prescription for penicillin, because he said that he was going to work on one tooth superficially, and I did not need it." *Id.* at 570, 619 A.2d at 1371. The *Cluver* court found that decedent's statement was admissible because it was offered to show decedent's state of mind and to explain a course of conduct. *Id.* Appellant therefore argues that the *Cluver* case compels us to find the statement made to Romeo's wife admissible. *Cluver*, however, is distinguishable because in that case the defendant claimed that decedent was contributorily negligent by failing to take penicillin. Clearly, decedent's state of mind and explanation for course of conduct were at issue in the *Cluver* case to disprove contributory negligence.

In the instant case, however, it is clear that, despite appellant's contentions, the true import of the statement offered by Romeo's wife is whether or not Dr. Baker insisted on the cardiac catheterization and not Romeo's state of mind. Whether or not Romeo was adamantly opposed to the catheterization is irrelevant to the charge that Dr. Baker did

**534**

not insist on performing that procedure. Appellant may not get around the rule against the admission of hearsay evidence simply by claiming a different purpose for the testimony. Therefore, the lower court did not err in finding the wife's testimony was hearsay because the true reason for offering the testimony was to prove the truth of the matter asserted therein. The lower court properly excluded [1] this testimony because evidence like this, which does not fall within the state of mind purpose, is not admissible. *See Baldino, supra.*

Appellant further argues that the lower court improperly excluded from evidence the notes that Romeo's daughter had written and had in front of her as she called Dr. Baker's office regarding her father's physical condition.[2] Appellant contends that these notes are not hearsay at all. Specifically, appellant claims that the notes explained a course of conduct followed by the daughter or, alternatively, that the notes were a rehabilitating prior consistent statement.

▆▆▆ A statement offered to explain a course of conduct is not hearsay. *Refuse Management Systems, Inc. v. Consolidated Recycling Systems, Inc.,* 448 Pa.Super. 402, 419, 671 A.2d 1140, 1148 (1996). In order to qualify as a statement to explain the course of conduct, the statement must be "evidence as to the reason *action* is taken." *Commonwealth v. Tselepis,* 198 Pa.Super. 449, 452, 181 A.2d 710, 712 (1962) (emphasis added). In most cases that admit statements under this rule, the out-of-court statements are admitted simply to provide an explanation for why a person took a certain action. *Commonwealth v. Ryan,* 253 Pa.Super. 92, 103, 384 A.2d 1243, 1249 (1978) (radio broadcast admissible to explain conduct of police); *Commonwealth v. Cruz,* 489 Pa. 559, 564–65, 414 A.2d 1032, 1035 (1980) (radio call admissible to explain how police came into contact

with defendant); *Refuse Management, supra,* (fax admissible to explain why person did not perform credit check). In all of these cases, the out-of-court statement explained why certain actions were taken. Appellant would have this Court find that the notes explained why Romeo's daughter made the phone call. The reason Romeo's daughter made the phone call was because of statements made to her by her father concerning his physical condition and not because of the contents of the notes. The statements made by Romeo to his daughter, which explained why she made the phone call, were admissible. (N.T., 9/16/96, at 55). The notes, however, do not explain her actions because they did not prompt her to make the phone call. Appellant clearly wants these notes admitted as corroboration of what Romeo's daughter said to the secretary. Therefore, the notes are not an explanation of her course of conduct, but instead are blatant hearsay.

▆▆▆ As to appellant's alternate grounds for admissibility, prior consistent statements may be admissible if the witness's current testimony is alleged to be recently fabricated or a product of corrupt motives. *Commonwealth v. Wilson,* 394 Pa. 588, 603, 148 A.2d 234, 242, *cert. denied,* 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82 (1959); *Commonwealth v. Gaddy,* 468 Pa. 303, 315, 362 A.2d 217, 223 (1976). Such a statement may be admissible to rehabilitate the witness if the prior consistent statement was made prior to the "effect on the case could be foreseen or before the corrupt motive or influence existed." *Commonwealth v. Beale,* 445 Pa.Super. 241, 246, 665 A.2d 473, 475 (1995), *allocatur denied,* 544 Pa. 652, 676 A.2d 1194 (1996).

▆▆▆ Appellant alleges that the testimony of Beverly Seidel, a secretary for Dr. Baker, regarding the telephone call received from Romeo's daughter implied that the daughter was fabricating her testimony. Appellant

---

1. Even if this testimony were improperly excluded, appellant has failed to carry the burden to show that the error caused prejudice to the case or impacted on the jury verdict. Therefore, even if improperly excluded, the error would not warrant a new trial.

2. There is no offer of proof on the record concerning the exclusion of these notes. Appellant,

however, did attempt to approach sidebar regarding this evidentiary ruling but the trial judge prevented appellant from doing so. This Court will not hold the lack of an offer of proof against appellant because of the trial court's refusal to accept the offer of proof. We therefore address this argument as properly before this Court.

therefore argues that the notes were a prior consistent statement that could rehabilitate the credibility of Romeo's daughter. Beverly Seidel testified that she received a telephone call from Romeo's daughter who said that her father had discomfort and arm pain, was not feeling well, and needed to schedule an appointment. Romeo's daughter, on the other hand, testified that she told the secretary that her father was not feeling well, had chest and arm pain, and that he took three Nitroglycerin and got no relief. Seidel's testimony did not imply that Romeo's daughter recently fabricated her testimony. This conflicting testimony simply reflects that these witnesses had different accounts of what occurred. Therefore, the notes may not be used to rehabilitate her credibility as a prior consistent statement.

Since the notes under either argument advanced by appellant are hearsay and do not fall within a recognized exception, they are inadmissible.

Appellant has failed to show that the lower court abused its discretion in denying a new trial based on its determinations as to the admissibility of evidence. Therefore, the judgment of the lower court will not be disturbed.

Judgment affirmed.